# Richmond.

## WHITE v. THE COMMONWEALTH.

### March 13th, 1884.

1. PUBLIC REVENUES—*Licenses—Sample merchants.*—A sample mer-
   chant's license authorizes sale by himself or by his agent only of his
   own goods. Acts 1881-2, pp. 211-12-13.
2. IDEM—*Unlawful intent—Case at bar.*—At the trial of W, the agent of a
   duly authorized sample merchant, for selling goods not the property
   of his principal, the defendant asked the court to instruct the jury
   that even if they believed the principal had violated the law, yet they
   must acquit the defendant unless they also believed that he had par-
   ticipated in the violation with an unlawful intent.

HELD :

> The intent of the defendant is not by the statute an ingredient of the
> offence, and need not be alleged or proved. Hence the in-
> struction was properly refused.

Error to judgment of hustings court of Richmond city,
rendered 23d November, 1883, in a prosecution by the Com-
monwealth against Charles H. White, for a misdemeanor.
The indictment charged that defendant " did sell and offer
to sell goods, wares, and merchandise, by sample, card, de-
scription and other representation, without first having ob-
tained a license to do so according to law." By a jury he
was found guilty, and the judgment was entered on the
verdict, imposing on him a fine of $300 and the cost of the
prosecution, and directing him to be confined in jail until
the fine and costs were paid, the confinement not to exceed
six months.

White was the duly authorized agent of or salesman of Dealham & Co., of Alexandria, Virginia, who were licensed sample merchants. On several occasions he sold by sample, to various licensed merchants in Richmond, goods belonging to Samuel White & Co., of Baltimore, of which firm his principals claimed to be agents.

The question for decision was whether a licensed sample merchant may sell, by himself or agents, the goods of another—or whether the privilege conferred by his license is confined to the sale of his own goods.

From this judgment White obtained a writ of error and *supersedeas*.

*Christian & Christian,* and *Jos. Christian* for the plaintiff in error.

*Attorney-General F. S. Blair,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

Among those upon whom the revenue laws impose a tax for the transaction of their business in this State are merchants, commission merchants, and sample merchants. Acts 1881–82, pp. 511–12–13.

A merchant, in the sense of the act, is a dealer in goods, wares, and merchandise, who has the same on hand for sale and present delivery. He is taxed according to the amount of his purchases, to be ascertained in the manner prescribed, and is licensed to sell his own good. A commission merchant is one who buys and sells on commission, and may sell any personal property which is left with or consigned to him for sale, except such as is expressly excepted by the act. A sample merchant is one who sells, or offers to sell, any description of goods, wares, or merchandise by sample, card, description, or other representation, verbal

or otherwise, or who acts as agent for the sale or collection of orders by sample or description list, such as is furnished by the C. O. D. supply company of America, or any similar company.

Ordinarily power to sell implies the ownership of the goods on the part of the person by whom they are sold or offered for sale. There are some exceptions, however, as in the case of a commission merchant, as we have seen, who is expressly authorized to sell personal property left with or consigned to him for sale. But there is nothing in the statute from which it can be fairly inferred that the privilege to sell the goods of other persons was intended to be conferred on sample merchants. Subject to the exceptions contained in the act, they are privileged to sell *any description* of goods, wares, or merchandise any where within the State. But this language refers not to the ownership but to the character of the goods, and when construed, as it must be, in connection with other provisions of the act, we think it manifests an intention on the part of the legislature to confine the sales of sample merchants to their own goods; that a licensed merchant, and so the manufacturer, who has paid a license tax of not less than two hundred and fifty dollars, may either by himself or agents sell by sample, but not the goods of others. The merchant, as we have seen, is licensed to sell his own purchases, and the act does not extend the privilege to the sales of the goods of others when, having paid the requisite amount of license tax, he is authorized to sell by sample. And in this particular the legislature hardly intended to place on a more favored footing than the merchant or manufacturer the sample merchant, who is generally a non-resident, and who, unlike the merchant and manufacturer, contributes nothing to the material interests or advancement of the State. This view is further supported by the provisions of section 64 of the act, which is as follows: "No person shall,

without a license authorized by law, act as a commercial broker. Every person who negotiates . . . . the sale of merchandise, without having possession or control of it as commission merchants have, shall . . . be deemed a commercial broker." Why enact this section, defining a commercial broker and imposing a tax for negotiating the sale of merchandise, as therein provided, if the legislature, by previous sections of the act, intended to confer on licensed sample merchants the privilege of selling merchandise of which they have neither possession or control? In the present case, the goods sold by the defendant were not owned by, nor were they in the possession or control of his principals, and were therefore sold by him without a proper license, as required by law.

At the trial the defendant requested the court to instruct the jury as follows: "Even if the jury shall believe from the evidence that Dealham & Son, the principals of the defendant, may have violated the revenue laws in selling under the license exhibited to the jury, yet unless they believe from the evidence beyond all reasonable doubt, that the defendant participated in such violation with an unlawful intent, they must acquit the accused." This instruction was properly refused. The intent of the defendant is not made by the statute one of the ingredients of the offence, and, upon well-settled principles, need not have been alleged or proved. The judgment of the hustings court is affirmed.

JUDGMENT AFFIRMED.