# Richmond.

## WHITE v. THE COMMONWEALTH.

### December 4, 1884.

1. CRIMINAL JURISDICTION AND RELIEF—*Continuances.*—Motion for continuance rests in the sound discretion of the court. But where one is convicted and sentenced on an indictment, under Acts 1881–82, ch. 119, sec. 31, page 513–4, "for the first offence," and judgment is suspended by writ of error and *supersedeas* awarded by this court, and pending such suspension an indictment against same one, under same act, "for the second offence," is called for trial, and defendant moves the court to continue the case until this court decided the case before it as aforesaid, the court below should sustain the motion and grant the continuance.

2. IDEM—*Former Conviction—Quære.*—In a prosecution, alleging a former conviction, do not the words "former conviction" denote "final judgment;" and can they be predicated of a suspended judgment?

Error to judgment of hustings court of city of Richmond, rendered February 19th, 1884, on an indictment against Charles H. White, sentencing him (for the second offence under the same act) to pay a fine of five hundred dollars and the costs of the prosecution, and to be confined in the jail of the said city until the fine and costs be paid.

This prosecution is founded on section thirty-one of chapter 119, of the "Virginia Revenue Laws," entitled an act for the assessment of taxes on persons, property, income, licenses, &c., and imposing taxes thereon for the support of the government and free schools, and to pay the interest on the public debt, approved April 22d, 1882. Acts 1881–82, p. 513–4. Said section thirty-one provides that, "Any person who shall sell, or offer to sell, any description of goods, wares, or merchandize, by sample, card, description, or other representation, verbal or

otherwise, or any agent for the sale or collection of orders by sample or description list, such as is furnished by the C. O. D. supply company of America, or any similar company of America, or any similar company, sha'l be deemed to be a sample merchant. It shall not be lawful for any person, or persons, to sell, or offer to sell, any description of goods, wares, or merchandize, without first having obtained a license therefor from the commissioner of some county or corporation, which license shall grant the privilege to sell anywhere in the state, and shall be valid one year from the date of its issue; but if used out of the county or corporation where granted, the clerk of the court of such county or corporation shall certify thereon, with the seal of the court affixed, that the officer signing said license is really the commissioner of the revenue for the district wherein the license issued, and that his signature is believed to be genuine; provided, that it shall not be lawful for the clerk of any county or corporation to furnish any certificate relating to the grant of a license other than in the manner authorized and directed by this section. Such license thus obtained, shall be a personal privilege, and shall not be transferable, nor any abatement in the tax thereon allowed. No county, city, or town shall have the right to levy or collect a tax on sample merchants. Any person, or persons, who shall sell, or offer to sell, in violation of this act, shall pay a fine of three hundred dollars for the first offence, and five hundred dollars for each succeeding offence—the informer to receive one-half of the fine so collected," &c., &c.

The thirty-second section of said act imposes a specific license tax of two hundred and fifty dollars for the privilege of selling by sample, card, description, or other representation—forbids, under the penalty of fifty dollars for each offence, any sample merchant from permitting any person, except a duly authorized agent or salesman, to sell under his license, otherwise than for his exclusive use and benefit; and provides that no agent or salesman shall be permitted to sell, or offer to sell as aforesaid, except he have with him at the time the license granted to the

person for whom he acts and a duly executed power of attorney from said person constituting him his agent or salesman for the time being. And additional salesmen are provided for under certain specifications and restrictions not necessary to be here referred to. The indictment charges that the plaintiff in error, on the 25th day of November, 1883, at the said city, and within the jurisdiction of the said hustings court of the city of Richmond, having previously been convicted of selling goods, wares and merchandize by sample, card, and description, without the license required by law, at the November term of the said hustings court, did sell, or offer to sell, goods, wares or merchandize by sample, card, description, or other representation, without the license required by law, against the peace and dignity of the commonwealth of Virginia.

When the case was called for trial, the attorney for the commonwealth having announced himself ready, the defendant, by his counsel, moved the court to continue the cause, for reasons assigned, to the March term thereafter of said hustings court, but on consideration the court overruled said motion, and compelled the defendant to submit to trial then. To which judgment and ruling the defendant excepted; and this is the defendant's first bill of exceptions.

Then the defendant demurred to said indictment, but the court overruled the demurrer, and the defendant again excepted. This is the defendant's second bill of exceptions. Then a jury was empaneled, and the trial proceeded with upon the issue joined on the defendant's plea of not guilty.

By their verdict the jury found the defendant guilty, and assessed his fine at $500. Thereupon, the defendant, by his counsel, moved the court to set aside said verdict, on the ground that the same was contrary to the law and the evidence, and grant him a new trial. But on consideration the court overruled said motion, and gave judgment for the fine assessed by the jury, and ordered that said defendant be confined in jail until said fine and costs be paid, such confinement not to exceed

six months; and, further, that on the collection of said fine, one-half thereof, to wit: the sum of two hundred and fifty dollars, be paid to J. P. Jeter, the informer in the case. To which judgment and ruling the defendant by his counsel also excepted; and this is the third and last exception taken by the defendant.

*Jos. Christian*, for plaintiff in error.

*Attorney-General F. S. Blair*, for the commonwealth.

RICHARDSON, J., after stating the case, delivered the opinion of the court:

In the view of the case taken by this court, it will only be necessary to consider the question raised by the defendant's first bill of exceptions, which sets forth, that on the calling of the case at the term of the court at which the trial was had, the defendant, by his counsel, moved for a continuance until the next term (March), upon the ground that there was already pending on the docket of the supreme court of appeals another case involving precisely the same questions against the same defendant, and involving the construction of the statute under which he is prosecuted in this case, and insisted that the present case should await the determination of that case, which was then on the commonwealth's docket of the said supreme court of appeals, and would be disposed of in a short time thereafter. See *White* v. *The Commonwealth*, 78 Va. 484. And the said bill of exceptions further sets forth that it appearing that the offence charged in this case was committed by the defendant two or three days after his trial and conviction in the said case pending in said supreme court of appeals, the said motion for a continuance was overruled by the court, and the defendant compelled to submit to a trial.

The sole question is, did the said hustings court err in overruling the motion for a continuance and forcing the defendant

to trial under the circumstances? This question must be
answered affirmatively. All the facts upon which the motion
for continuance was founded, were fully and clearly brought to
the attention of the trial court. In fact, they were all substan-
tially within the knowledge of the court, independent of the
motion. The record of the previous indictment, trial and con-
viction was there, together with the judgment of the court
thereon, and the order suspending the execution of said judg-
ment. The fact is conceded, in the bill of exceptions, that the
plaintiff in error is the same person who had been previously
convicted in the same court for the violation of the same statute
alleged in this case to have been violated; and the indictment
in this case charges that the defendant, Charles H. White, had
been previously convicted of the same offence therein charged.
The defendant being thus indicted for the second offence under
said statute, for which a different and heavier penalty attaches
than to the first offence, it is manifest that, pending the first
case on writ of error in the court of last resort, justice, as well
to the commonwealth as to the accused, demanded that the pro-
secution in this case should have waited the determination of
this court on the writ of error in respect to said first conviction.
It is undoubtedly true, as charged in the indictment, that there
had been a previous conviction and sentence. Mr. Bouvier
defines conviction as that legal proceeding of record which
ascertains the guilt of the party and upon which the sentence
or judgment is founded. 1 Bouv. L. D. 362. In 1 Bishop's
Criminal Law, conviction is said to be, "finding a person guilty
by verdict of a jury." Mr. Bouvier again says: "The first of
the definitions here given (above) undoubtedly represents the
accurate meaning of the term, and includes an ascertainment
of the guilt of the party by an authorized magistrate in a
summary way, or by confession of the party himself, as well as
by verdict of a jury. The word is also used in each of the
other senses given. It is said to be sometimes used to denote
*final judgment.*" Citing Dwarris' Stat., 2d ed. 683.

Probably, in a prosecution alleging, as in this case, a former conviction, and where the statute imposes an increased penalty for each succeeding offence, and when the alleged prior conviction and judgment thereon is held for review on writ of error in the court of last resort, it would be safer and more in consonance with a liberal and just view of the rights of the citizen to hold, as intimated by Dwarris, that pending the alleged former conviction in the appellate tribunal there is wanting that final judicial sentence essential to constitute conviction. In such case it is apparent that if the judgment of the appellate court should be one of reversal nothing would be left as the basis of a second prosecution alleging a former conviction.

But however this may be, and while it is unquestionably true that in this case, as alleged in the indictment, there was a prior conviction, yet, it is equally true that, by the writ of error and *supersedeas* awarded by this court, the correctness of that prior conviction had been brought in question,—was wanting in that degree of conclusiveness without which it was impossible to take safely any step either to dismiss or proceed with this prosecution alleging a prior conviction. This being in the nature of things so, justice to both the commonwealth and the accused required that the case should be continued to await the judgment of this court in respect to said alleged former conviction.

As before stated it is unnecessary to consider the questions raised by the two remaining bills of exception. For the reasons above we are of opinion that the court below plainly erred in overruling said motion for a continuance and forcing the defendant into trial, and that the judgment of the said hustings court must be reversed and annulled, the said verdict of the jury set aside and the case remanded to said hustings court for a new trial to be had therein in accordance with the views herein expressed.

JUDGMENT REVERSED.