(No. 39955.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MELVIN H. SHOOK, Appellant.

*Opinion filed November 14, 1966.*

ROBERT C. WALBAUM, of Springfield, appointed by the court, for appellant.

RAYMOND L. TERRELL, State's Attorney, of Springfield, (RICHARD A. HOLLIS, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Melvin H. Shook, was indicted in Sangamon County for burglary, found guilty by a jury, and sentenced to the penitentiary for a term of not less than two nor more than twenty years. Upon writ of error the appellate court affirmed the conviction, (*People* v. *Shook,* 67 Ill. App. 2d 492,) and we granted leave to appeal. The sole issue raised by the defendant before this court is whether the trial judge committed reversible error in allowing the State to introduce the record of a prior conviction of defendant after that prior conviction had been set aside by writ of *habeas corpus.*

During the course of the trial defendant took the stand on his own behalf and testified that he had a prior criminal record and that he had pleaded guilty to every crime he had committed. On cross-examination the State offered in evidence the record of defendant's conviction for burglary and larceny in Champaign County, and defendant was asked if he pleaded guilty to that charge. He answered that he had pleaded neither guilty nor not guilty. The record of that prior conviction was admitted into evidence for purposes of impeachment over defendant's objection. The record shows that the defendant had pleaded neither guilty nor

not guilty, but had been tried *in absentia*. Defendant's attorney on redirect examination attempted repeatedly to bring out the details of this conviction as well as its ultimate disposition, but the objections of the State to such line of questioning were sustained. The jury was allowed to take the record of this prior conviction into the jury room, and was instructed that a prior conviction of a crime may be shown for the purpose of affecting credibility.

Defendant was convicted of burglary in Champaign County in 1958. On March 23, 1962, the defendant obtained leave to file a petition for writ of *habeas corpus* in this court. In due course we considered this petition and on September 28, 1962, defendant was ordered discharged. (People ex rel. Melvin H. Shook v. Ross V. Randolph, Warden, Docket No. 37175.) The effect of the *habeas corpus* proceeding was to render the conviction in Champaign County null and void. *Clifford* v. *Pioneer Fire-Proofing Co.* 232 Ill. 150; *People ex rel. Hutchinson* v. *Murphy,* 188 Ill. 144; 25 Am. Jur., Habeas Corpus, sec. 13.

We are fully aware of the rule which allows the introduction of prior convictions of infamous crimes for the purpose of impeachment, but this rule should not be extended to admit prior convictions which have been ruled void. To do so would negate the effect of the *habeas corpus* proceedings which set aside the conviction. The State argues that the defendant failed to raise the matter of the *habeas corpus* proceeding during the trial and therefore cannot raise it on appeal. As was pointed out by the appellate court, the record of the Champaign County proceedings shows, on its face, certain irregularities, including the absence of appearance by either defendant or by counsel at the alleged trial. These irregularities, when coupled with defendant's attempt to bring out the fact that legal proceedings were filed concerning the Champaign County conviction, should have put the State and the trial court on notice of possible jurisdictional defects. It is apparent from the trial court

record that defendant was prevented from explaining the ultimate disposition of this prior conviction. While defendant's counsel was remiss in not advising the trial court specifically of the *habeas corpus* proceedings, even in chambers, in the interest of fairness and justice defendant should have been allowed to explain that the conviction had been set aside.

The State argues that the situation is analogous to those wherein the court allowed the introduction of a record of conviction for the purpose of impeaching the defendant in a later trial even where the defendant had been released from custody by means of a pardon or a commutation of sentence. We have considered this analogy and find it to be without merit. A pardon or commutation refers to the sentence, while the discharge by *habeas corpus* refers to the actual conviction and declares it to be void.

The final point raised by the State is that, even if the admission of the record of the Champaign County proceedings was error, it was not reversible error. This was the conclusion of the appellate court, but we cannot agree. The appellate court refers to defendant's written confession and other evidence tending to prove defendant's guilt and states : "* * * it cannot be said that the erroneous admission of the Champaign County conviction materially affected the jury verdict." In view of the facts that defendant repudiated his confession and categorically denied the crime, we cannot speculate on the verdict if the evidence of the prior conviction had not been brought out on cross-examination. The prior conviction was for a crime similar to the one for which defendant was being tried, and was in fact the only evidence of a prior infamous crime. We must conclude, therefore, that the admission was prejudicial and could well have been inflammatory. (See *Fenwick* v. *United States,* (D.C. cir.) 252 F.2d 124.) Although there is a possibility that the jury would have returned an identical verdict had the Champaign

County proceedings been excluded, we cannot assume that this would have been the result. The jury could have found otherwise and the defendant was entitled to a trial free of prejudicial error.

It is our opinion that the admission into evidence of the record of the prior conviction, which had been set aside by *habeas corpus* proceedings, constituted reversible error. The judgment of the appellate court is accordingly reversed and the cause remanded to the circuit court of Sangamon County for a new trial.

*Reversed and remanded.*