**People of the State of Illinois, Plaintiff-Appellee, v. Sylvester Webb, Defendant-Appellant.**

**Gen. No. 51,202.**

First District, Fourth Division.

March 10, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

CHARGE: Robbery.[1]

DEFENSE AT TRIAL: Alibi.

---

[1] Ill Rev Stats 1963, ch 38, § 18–1(a). A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

JUDGMENT: After a jury trial and a verdict of guilty by the jury, the court imposed a sentence of one to three years.

POINTS RAISED ON APPEAL: Defendant contends he was denied a fair trial by the presentation to the jury of evidence of defendant's prior conviction; and the refusal of the court to properly instruct the jury upon the effect of defendant's prior conviction.

EVIDENCE: No question has been raised in this appeal with reference to the evidence. It can be summarized as follows: On February 9, 1964, at 1:30 a. m., Marshall Dickens was driving his cab south on Clark Street near Grand Avenue, when two men hailed him and he stopped; the men got into the cab and one of them (the defendant) gave their destination as 1530 West Hastings. The defendant was seated on the right side of the rear seat; as they drove along, he and the driver discussed the latter's asthmatic condition, and the defendant recommended a pill for relief. When they reached Hastings, after further directions from the defendant, the defendant's companion put a gun to the driver's neck and told him to drive up a dead-end alley. There was a light in the alley and the driver looked into the rear seat, telling the men to take everything but not to hurt him. The defendant leaned over the front seat, took money from the changer and from the driver's pocket; the other man took money from the driver's billfold, and the defendant took his wristwatch. The money amounted to about $58. The driver observed the defendant when he first entered the cab, also through the rearview mirror as they discussed his asthma, and when he robbed the driver and left the cab. The driver gave police a description of defendant's height, weight and the clothes he was wearing.

On February 21, 1964, at 8:00 p. m., the driver identified the defendant as the man who robbed him. The

defendant was in a lineup of five men when identified; he denied robbing the cabdriver and testified that he thought he was at a party at Cullerton and Pulaski until 1:30 a. m., on the night of the robbery. The defendant was the only person to testify on his behalf.

Over the objection of the defendant, the State introduced into evidence a record of a conviction of robbery by the defendant on August 18, 1964, showing that the defendant, after a bench trial, was found guilty and sentenced to imprisonment for a term of not less than one nor more than three years, from which conviction the defendant filed a notice of appeal, and that appeal is now pending.

OPINION:

The defendant argues that this court should hold unconstitutional section 155–1 of chapter 38, Illinois Revised Statutes 1963, which provides that a defendant in a criminal case may testify in his own behalf, but that a prior conviction may be shown for the purpose of affecting his credibility. This statute has been in effect for a long period of time in this State, and no question has heretofore been raised or passed on by the Supreme Court with regard to the constitutionality of the statute. In People v. Barnes, 26 Ill2d 563, 188 NE2d 7, a case decided in February 1963, the court said:

> "Conviction of crimes can, of course, be shown for the purpose of affecting the credibility of a witness (Ill Rev Stats 1959, chap 38, par 734), and the prior conviction of a witness other than a defendant may be shown on cross-examination . . . ."

The defendant here argues that when a defendant becomes a witness in his own case, it is logical for the court to hold that the introduction of the record of a former conviction (unless for perjury or some similar offense) ought not be considered as affecting the defendant's credibility. The question of whether or not

the provision is logical is a matter that should be determined by the legislature, and we will make no statement whatsoever with regard to that contention.

 At the trial when the defendant was objecting to the introduction of the record of prior conviction, no constitutional question was raised. Under those circumstances, no constitutional question can be urged in this court. People v. Valentine, 60 Ill App2d 339, 347, 208 NE2d 595, and cases therein cited.

 The defendant also argues that the following instruction given was improper:

> "The Court instructs the jury, in the language of the statute, that no person shall be disqualified as a witness in any criminal case by the reason of his having been convicted of any crime; but such conviction may be shown for the purpose of affecting his credibility."

The defendant contends that the jury should have been told that the evidence of his former conviction could be considered by them "solely" for impeachment purposes. The defendant offered an instruction which was refused by the court.[2] That instruction is not clear in that it tells the jury that the evidence should not be taken into consideration in their determination of whether the defendant is or is not guilty of robbery, and that the only consideration which should be given to it is in determining what credit should be given to the testimony of the defendant. In our opinion, the instruction is confusing, and the court properly refused it.

---

[2] "The Court instructs the jury that there has been introduced evidence that the defendant has heretofore been convicted of robbery. You are further instructed that this evidence should not be taken in consideration in your determination of whether the defendant is guilty of robbery in the present case. You can only take this evidence into consideration in determining what credit you may give the testimony of the defendant."

■ The instruction given by the court was a proper instruction. In People v. Levy, 351 Ill 110, 184 NE 223, a case where an accomplice had testified against the defendant, the court said:

> "At the request of the defendants, the court instructed the jury that Wilma Harjes had admitted that she stood convicted of the crime of larceny; that the conviction of a witness for a felony was evidence tending to impeach his or her credibility, and that in determining the weight which they should attach to Wilma Harjes' testimony they had the right to take into consideration the fact that she stood convicted of larceny."

The defendant also argues that a prior conviction on which appeals are pending cannot be used for the purpose of impeachment of a witness,[3] and cites in support of that contention People v. Shook, 67 Ill App2d 492, 214 NE2d 546, which case is not applicable since the prior conviction had been held void. In dictum in that case the court referred to Campbell v. United States, 176 F2d 45, in which the court took the view that it was illogical and unfair to permit a defendant to be questioned about a previous conviction from which an appeal was pending. The court did not rely on that case in reaching its decision. It is worthy of note that the great majority of jurisdictions have not accepted the Campbell case and the courts of three Federal circuits have rejected the rule therein laid down.

■ Ill Rev Stats 1963, c 38, § 155–1 provides that when a defendant testifies in a criminal proceeding, a prior conviction may be shown for the purpose of affect-

---

[3] The record introduced showed that the defendant had been convicted on August 18, 1964; there is nothing in the briefs of plaintiff or defendant to indicate whether anything further was done in the case except a filing of a notice of appeal.

ing his credibility. In the instant case the prior conviction was properly shown by the production of the record.

Ill Rev Stats 1963, c 38, § 2–5 defines "conviction" as meaning a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury. The closest case in Illinois is People ex rel. Keenan v. McGuane, 13 Ill2d 520, 150 NE2d 168, cert den 358 US 828, in which the petitioner argued that his conviction for conspiracy to evade and for evasion of income taxes did not operate to cause a vacancy in the office of the Cook County assessor because an appeal from such conviction was pending. The Illinois Supreme Court refused to follow that argument, and on page 536 said:

> "Under the constitutions and statutes of sister States creating a vacancy in public office where the incumbent has been convicted of a felony, it is generally held that the office is vacated upon a verdict of guilty and that an appeal does not stay the effect of such vacancy. These decisions are generally predicated upon the theory that after a plea or verdict of guilty, judgment, and sentence by a court of competent jurisdiction, the presumption of innocence which, up to that time, had persisted in favor of the defendant, no longer prevails, and that the law thereafter presumes that the proceedings have been regular and that the defendant is guilty. [Citing cases.]"

The court further held that the provisions of the Illinois Constitution and statutes which effect a vacancy in public office upon the conviction of the incumbent of an infamous crime refer to the conviction in a trial court. The court said:

> "We find no merit in petitioner's contention that pendency of his appeal stays the finality of his con-

451

viction and thereby holds in abeyance a vacancy in the office of Cook County assessor."

■ We therefore hold that in a criminal case, when the defendant testifies, it is proper to introduce the record of his prior conviction, even though an appeal is pending in the case. Finding no error in the record, the judgment is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.