**People of the State of Illinois, Plaintiff-Appellee,
v. Mary Jane Spears, Defendant-Appellant.**

Gen. No. 10,789.

Fourth District.

April 27, 1967.

CRAVEN, P. J., dissents.

Ferguson & Ferguson, of Decatur (Paul H. Ferguson, of counsel), for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Franklin E. Dove, Assistant State's Attorney, of counsel), for appellee.

SMITH, J.

Defendant was convicted of perjury and appeals. The setting for the conviction was her testimony in the probation hearing of Donald Spears. Spears had pleaded guilty to a charge of aggravated battery involving one Carl White, who was "monkeying around with his wife." Defendant, who is now married to Carl White, testified for Spears at such hearing. The facts center around who married whom, why and when. The facts are bizarre and so contradictory as to defy accurate presentation.

It is apparent that both the defendant and Spears did some light and fancy juggling of commonly accepted principles of truth and morals. One count of the indictment charged the defendant with falsely stating at the probation hearing that she was not the wife of Spears, but that he had another. This count was properly dismissed on the theory (apparently) that the defendant spoke the technical truth when she said she was not married to Spears as a result of an abortive marriage with him in Clinton, Illinois—abortive because her then husband, Carl Nave, was living. On the remaining counts, defendant moved for and obtained a bill of particulars requiring the State to specify the materiality of the false statements. In response, the State asserted that the statements were material to the issue of whether the public interest would be subserved by granting him probation. A motion to dismiss these counts for the reason that the alleged false statements were not material to that issue was denied. We might pause here to note, lest silence raise unwarranted implications, that the materiality of a false statement in

20

a perjury indictment is a question of law. People v. Glenn, 294 Ill 333, 128 NE 532. Hence, since a motion for a bill of particulars has to do with the "facts," the motion was inappropriate and should have been stricken. A jury never passes on the issue of the "materiality" of the alleged false statements.

█ The court reporter's transcript of the probation hearing leaves no doubt but that the defendant testified that Spears had a wife; that Spears said he was having trouble with her; that she was going with other men and he had tried to stop her; that the wife visited the defendant with two other women, and that Spears was paying on his wife's wedding and engagement rings at the jewelers. Defendant testified that she, Mrs. Nave, and Mary Jane Spears were not one and the same person; that Mrs. Spears was having relations with Carl White and that Spears was trying to break it up. In her perjury trial she testified that the Mrs. Spears she referred to was herself. Further contradictions need not be detailed. Her testimony furnishes nothing from which the truth can be established. We cannot separate the wheat from the chaff. On this record it was characteristically the province of the jury to make that determination. By their verdict, they have determined that she did falsely testify that Spears was married to a third person, a fact denied by other witnesses, and also falsely testified that the wife of Spears, a person other than herself, was having relations with Carl White. Her testimony is a hopeless maze of contradictions and the verdict of the jury is amply supported by evidence beyond a reasonable doubt.

█ Was this testimony, as a matter of law, material to the issue before the court in the probation hearing? We think it was. Spears was seeking probation. Under the statute the issue was whether "the public interest does not require that the defendant [Donald Spears] re-

21

ceive the penalty provided for the offense." Ill Rev Stats 1965, c 38, § 117–1(2). An affirmative finding on this issue by the court was a condition precedent to probation. The marital status, the stature, the habits and the conduct of Donald Spears were all matters of proper and necessary inquiry. Whether he was a married man with children was material on the issue. That his wife was having an affair with Carl White lent color to his conduct in the shooting. We thus conclude that the testimony which the jury found to be false was material to the issue before the court.

■ It is urged that one of the elements of perjury is that the false statement must be one "which he does not believe to be true." This is the statute. Ill Rev Stats 1965, c 38, § 32–2. Defendant testified that she believed she was telling the truth and that Spears was married either to Evelyn Johnson, or to her half sister, Dorothy Fields, or to her sister, Ruby Peppin. Neither fact was shown in this record. If she believed this, why did she go through a purported marriage with him? The mere assertion of these statements belie their correctness and there is a sound basis for the jury giving little credence to her statements that she believed she was telling the truth.

The State offered and the Court received evidence of a prior conviction of the defendant for burglary. Such conviction was then pending on appeal and such was brought out. People's Instruction No. 7 told the jury that such conviction could be considered by them as affecting defendant's credibility as a witness—a standard instruction in this context. Defendant tendered instruction, which told the jury that they should consider the fact that the conviction was then pending on appeal, was refused. Both the admission and refusal are urged as error.

■ ■ It is a rule of long standing in Illinois that an accused taking the stand in his own defense, and

thus putting his credibility in issue, opens such to possible impeachment. One of the established vehicles for impeachment is proof of a prior conviction of an infamous crime. There are those who view this vehicle askance—indeed, some take the jaundiced view that it is a veritable denial of the presumption of innocence, and it may be that this ancient form of impeachment—more anciently a disqualification—should be restudied in the light of modern trends. However, such restudy is not for us. Our sole problem here is whether a pending appeal precludes its use.

· ■ ■ Our answer is that it does not. We bottom our answer on the very simple proposition that a conviction is a conviction until set aside. In People ex rel. Keenan v. McGuane, 13 Ill2d 520, 150 NE2d 168, certiorari denied 358 US 828, the petitioner argued that his previous conviction of an infamous crime did not operate to cause a vacancy in the office of the Cook County Assessor because an appeal from such conviction was then pending. Our Supreme Court repudiated this argument in this language:

> "We find no merit in petitioner's contention that pendency of his appeal stays the finality of his conviction and thereby holds in abeyance a vacancy in the office of Cook County Assessor."

While manifestly not on all fours with this case and the problem that we consider, we find some difficulty in distinguishing between a conviction finalized in the trial court that will warrant the creation of a vacancy in a public office and the admissibility of a prior conviction in a criminal case for the purpose of impeachment only of a defendant who testifies in his own behalf. The Appellate Court for the First District, Fourth Division, in People v. Webb, 80 Ill App2d 445, 225 NE2d 679, had occasion to consider the precise proposition that we now consider. They were then dealing with the ad-

23

missibility of a prior conviction of an infamous crime, and whether or not it was admissible while pending on appeal against the defendant who testified in his own behalf. Relying heavily on Keenan, that Court concluded that such a prior conviction was admissible and in so doing stated:

> "We therefore hold that in a criminal case, when the defendant testifies it is proper to introduce the record of his prior conviction, even though an appeal is pending in the case."

The United States Court of Appeals for the Seventh Circuit reaches a like result. The Federal rule as to the mode of proof is different than ours—it can be effected on cross-examination—but putting that aside, the problem was squarely presented in United States v. Empire Packing Co., 174 F2d 16, 20, certiorari denied 337 US 959. There it was said:

> ". . . Unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility."

This holding was recently reexamined and reaffirmed in United States v. Hoffa, 367 F2d 698, 713 (1966). Before leaving this point, we would be remiss if we did not take note of the dissent in Hoffa adding a possible gloss or caveat to the sweep of the majority holding that contrived circumstances concocted by the prosecution may dictate a different answer. See Commonwealth v. McIntyre, 417 Pa 415, 208 A2d 257 (1965). We would be remiss too if we did not take note of People v. Shook, 35 Ill2d 597, 221 NE2d 290, which was not extant at the time this case was tried or at the time it was argued in our court. In Shook, the prior conviction introduced for impeachment purposes had been literally excised, or

24

rather exorcised, by the discharge of Shook on writ of habeas corpus which discharge predated the trial. Thus the situation was entirely different from the one we have, because, as our Supreme Court there said, "[T]he discharge by habeas corpus refers to the actual conviction and declares it to be void." In Shook at the time the prior conviction was offered, it was a nullity. Here the conviction was a conviction finalized in the trial court at the time it was used. We thus conclude that the trial court committed no error in admitting in evidence the prior conviction then pending on appeal.

The common-law disqualification of a previously convicted defendant to testify in his own behalf was removed by legislative enactment that provided that "such . . . conviction may be shown for the purpose of affecting his credibility." Ill Rev Stats 1965, c 38, par 155–1. This is the voice of the Legislature. This is one of the terms upon which the common-law disqualification was removed. In People v. Brown, 69 Ill App2d 212, 215 NE2d 812, the court cites People v. Buford, 396 Ill 158, 71 NE2d 340, with approval. In the case, the previous conviction was fifteen years old and the defendant urged that it was too remote to possibly affect the credibility of the defendant in that case. The Supreme Court repudiated that argument stating that "the statute fixes no limitations as to the time of such previous conviction." Since the statute didn't fix any such time limitation, the court refused to do so. Thus our courts have twice refused to legislate and bar conviction in evidence when, arguendo, repentance or atonement might justify it because of the passage of time and the conduct of the defendant since the first conviction. It would thus seem that if a time limitation is to exist, it is a matter for the Legislature and not for the court to impose. The term "conviction" means the finding of guilt by court or jury and an adjudication of that fact. Ill Rev Stats

25

1965, c 38, § 2–5. That occurred here. There was a finalized judgment of conviction in the trial court. That is what the Legislature requires to make a previous conviction admissible. No more is required. For us to engraft upon that statutory provision the words "provided if such conviction is pending upon appeal, it is not admissible" is for us to legislate where the Legislature has not seen fit to do so. We do not engraft upon the statute the words "final conviction." If the term "conviction" means anything at all, it means a conviction finalized on the trial court level. Otherwise it is simply not a conviction.

We would further note that a judgment of conviction must be final in the trial court before it is appealable from that court. A notice of appeal recognizes that the conviction in the trial court is a final judgment of that court. A pardon does not preclude the admissibility of a prior conviction. A commutation of sentence does not preclude its admissibility. A suspension of sentence or a stay of mittimus does not preclude its admissibility. See People v. Andrae, 295 Ill 445, 129 NE 178. It is the fact of final conviction in the trial court that makes it admissible when it is offered and nothing thereafter affects it except outright reversal or reversal and remandment. We think the Supreme Court determined the question of finality in Keenan and it is not for us to bypass it. In our judgment, People v. Shook stands only for the proposition that where the conviction is a nullity at the time it is offered, it is not admissible. And, if it is a nullity at that time, it is reversible error to admit it. In the case at bar, the defendant stood convicted when the conviction was offered in evidence. That conviction still stands today.

Of course, defendant's refused instruction is subject to the vice of singling out evidence. Ordinarily, this is not permitted except when there is a very real

26

possibility that the jury might draw unwarranted inferences from proof offered for a limited purpose. This is the reason that the People's instruction apropos of the prior conviction is permitted, and is proper even though it likewise carries the vice of singling out evidence. After all, absent this instruction, the fact of conviction would probably be considered as proof of guilt itself and not limited to its specific office. The refusal of defendant's instruction was proper for the vice noted, and would invite undue speculation on the part of the jury.

The defendant complains of the closing argument of the State's Attorney; charges a conspiracy between Spears, his attorney and the State's Attorney to persecute rather than prosecute; complains that the Assistant State's Attorney did not withdraw from the case after testifying contrary to defendant's witness White as to conversations in the State's Attorney's office; and finally, asserts error in permitting the State to cross-examine her on prior statements alleged to be false or contradictory to her statements at the trial. We have carefully examined all of these complaints and find them without merit. It would extend this opinion beyond proper limits to discuss them in detail.

We therefore conclude that the defendant received a fair trial in the trial court and that judgment of that court should be and it is hereby affirmed.

Affirmed.

TRAPP, J., concurs.

CRAVEN, P. J., dissents.

CRAVEN, P. J., dissenting.

My colleagues hold that a prior conviction that is pending on appeal is admissible to impeach the defendant-witness. Concurrently it is suggested that if the prior con-

viction used for impeachment is ultimately reversed or reversed and remanded on appeal, then the "conviction" would be affected as to use for impeachment. This, to me, invites the use of the prior conviction with the possible consequence of having reversible error in two cases rather than one. The statistics issued by the court administrator indicates that in the year 1965 approximately one-third of the criminal cases on appeal in the Appellate Court in Illinois resulted in judgments of reversal or reversal and remandment.

Another consequence of the majority holding is to isolate the judgment of conviction by the trial court from the appeal process. This is contrary to the theory of a unified court system wherein an appeal is but a continuation of the proceeding. Indeed, this is expressly so provided by Rule 301 of the new Supreme Court Rules as they relate to civil appeals although not specifically provided in the Rules as applicable to criminal appeals.

The ultimate affirmance by the Appellate Court for the Fifth District of the case here used for impeachment does not alter the question presented. We must review the record as it was made in the Circuit Court of Macon County and determine the issues from that record. At the time of the use of the prior conviction, it was pending and unresolved on appeal.

The Hoffa case referred to in the majority opinion and the Empire Packing Co. case by the same Court are contrary to a result reached by the Circuit Court of Appeals for the District of Columbia in Campbell v. United States, 176 F2d 45. The Court there held that the use of a conviction being appealed to impeach a defendant-witness was improper. The Court stated:

"But it seems to us wholly illogical and unfair to permit a defendant to be interrogated about a previous conviction from which an appeal is pend-

28

ing. If the judgment of conviction is later reversed, the defendant has suffered unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction. We therefore hold that the pendency of an appeal prevents the prosecution from proving a previous conviction for impeachment purposes; and that the District Court erred in admitting evidence concerning Campbell's conviction when his appeal therefrom had not been determined."

By count, the majority of the State decisions appear to hold as does the majority opinion and as was held by the Appellate Court, First District, in the Webb case. This problem is discussed and the cases thereon are collected in a comment found in 6 De Paul L Rev 257. At the time of that article, no Illinois case had decided the point in issue. The author did speculate on the position that Illinois would ultimately take. He stated:

"In Illinois, though there are no cases in point, there are strong indications that when the question does arise, it will be decided in accordance with the minority viewpoint.

"Illinois is among the strictest states in the matter of the admissibility of evidence of prior convictions to impeach a defendant who takes the stand in his own behalf. In addition, Illinois is one of the few states in which a distinction is drawn between a defendant as a witness and a non-party witness. Where this degree of definition is attempted, it is not too highly speculative to allow that the courts will be wary of submitting the rights of a defendant-witness (if not a non-party witness, or the party for whom he appears) to the prejudice which might result from admitting in evidence an appealed conviction." (Footnotes omitted.)

I recognize that there is a substantial difference between a prior conviction on appeal and a prior conviction that has been determined to be void by subsequent habeas corpus proceedings, as was the case in People v. Shook, 35 Ill2d 597, 221 NE2d 290 (1966). In the Shook case this Court had held that the use of a prior conviction that had previously been set aside by a writ of habeas corpus was error. In view of the record, however, we concluded that the error was not sufficiently prejudicial to warrant a reversal and remandment. The Supreme Court reversed, holding that the admission was prejudicial and reversible.

The United States Supreme Court, in Spencer v. Texas, Bell v. Texas and Reed v. Beto, 385 US 554, 17 L Ed2d 606, recently discussed the admissibility into evidence of prior convictions in connection with recidivist statutes in the State of Texas. The discussion in that case, although bottomed on an admittedly different factual situation, is relevant as it relates to the use of prior convictions.

The minority opinion by the Chief Justice is critical of the use of evidence of prior convictions. In the dissent, it is pointed out that when the jury learns of prior convictions it might punish an accused without regard to his guilt of the crime currently charged. In the course of the opinion he states:

> "Of course it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he has committed the crime currently charged against him. . . ."

See also Comment, 70 Yale LJ 763 (1961), where the use of prior convictions to impeach a defendant's credibility is criticized.

No Illinois Supreme Court decision has specifically determined that a conviction pending on appeal may be

30

used to impeach a defendant-witness. Many cases may be cited as authority that prior convictions not on appeal may be shown for impeachment. In the absence of judicial compulsion, this Court should not expand the use of prior convictions to permit the use of a conviction pending and unresolved on appeal.