People of the State of Illinois, Plaintiff-Appellee, v. John Allen Scott, Defendant-Appellant.

Gen. No. 67–17.

Third District.

December 7, 1967.

Robert P. Boeye, of Rock Island, for appellant.

Richard Stengel, State's Attorney, of Rock Island, for appellee.

STOUDER, P. J.

This is an appeal by John Allen Scott, Defendant, from a verdict and judgment of the Circuit Court of Rock Island County finding Defendant guilty of burglary of a clothing store in Rock Island, Illinois.

Defendant, testifying in his own behalf, admitted three prior convictions for infamous offenses. As rebuttal evidence, the State offered the record of Defendant's conviction for a fourth felony. Defendant objected on the ground that this conviction was being appealed which objection was denied. The State's Attorney read the record of the conviction to the jury including the indictment which charged the Defendant with two felonies although the record indicated that the Defendant was found guilty of only one charge.

Defendant assigns as error the introduction of the conviction while such conviction was being appealed and the presentation to the jury of an alleged offense for which Defendant was not convicted.

The question of the introduction of a conviction for impeachment purposes while such conviction is being appealed has recently been considered in People v. Spears, 83 Ill App2d 18, 226 NE2d 67, and People v. Webb, 80 Ill App2d 445, 225 NE2d 679. In such cases the introduction of the conviction was not deemed error and we adhere to these precedents.

The People concede that it was error to present to the jury the information that the Defendant was charged with an offense for which he was not convicted. It is, however, argued that such error was not prejudicial. We agree with this contention. Defendant failed to object or otherwise call to the court's attention, the improper evidence of impeachment. Moreover, including the offense described in the preceding paragraph the record reveals four prior convictions for infamous offenses. This is not a case where erroneously admitted evidence is

414

the only evidence of impeachment as in People v. Snook, 35 Ill2d 597, 221 NE2d 290. Under such circumstances we do not believe that the improper evidence of impeachment can be deemed to have had any effect on the jury and therefore such error was not prejudicial to the Defendant. People v. Squires, 27 Ill2d, 518, 190 NE 2d 361.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and CULBERTSON, JJ., concur.