THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN MILLER *et al.*, Defendants-Appellants.

(No. 12174;

Fourth District—April 24, 1975.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellants.

. C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendants-appellants Steven Miller and Rex McGuire were tried before a jury and convicted of burglary and theft over $150. Each defendant was sentenced 3 to 9 years, and the sentences were ordered to run concurrently with the balance of sentences previously imposed and which were being served by the defendants at the time of the trial of this case.

On the evening of December 27, 1971, a garage owned by Louis D. Murrill was burglarized, and his motorcycle was stolen. He had locked the doors to the garage at 11 P.M., and discovered the burglary at 5 A.M., on the following morning. Detective Ross Hulvey observed a car being driven with its trunk lid up, two individuals were in the car. Apparently observing Hulvey's police car, the two individuals sped away and eluded Hulvey. After a short time Hulvey, who had radioed for assistance, discovered the car abandoned at 630 North Second Street; the stolen motorcycle was in the trunk. Officer Daily, who was assisting Hulvey, encountered one Robert Austin who reported seeing two white males running from the car when it was abandoned. The search of the

neighborhood was eventually terminated and most of the officers assisting were withdrawn from the area. Hulvey, however, remained in the vicinity and soon saw Barbara Donelan and Gerald Rutherford emerge from a house located at 803 North Third Street. Hulvey stopped the pair, questioned them and placed them under arrest for possession of stolen property. Hulvey and other officers returned to the house from which Donelan and Rutherford had emerged, and upon being admitted discovered McGuire in the bathroom, sitting on the toilet with his undershorts pulled up, the officer noted that there was no waste material in the stool. McGuire's skin was very cold to the touch. There was evidence that the weather was cold on the evening in question. Defendant Miller was then discovered in a closed closet. His skin was also cold to the touch. Donelan testified that in the early morning hours of December 28 she was in the house at 803 North Third Street. Miller and McGuire were there. They asked Donelan for the keys to her car and she gave the keys to them. She testified that McGuire returned first and Miller 15 minutes to one-half hour later. She stated that when McGuire returned "* * * he was out of breath and acted sort of scared." When Miller returned he was in the same shape. Miller stated that "* * * the cops were after him because they got caught with the motorcycle * * *." She was also told that the police had her car. Miller's fingerprints were found on the rear view mirror of Donelan's car. The defendants testified and denied any participation in the burglary and theft.

Defendants contend that the evidence fails to establish their guilt beyond a reasonable doubt. They argue that the testimony of Rutherford and Donelan "* * * tends to directly implicate the defendants in the present offenses," and that the testimony of the several police officers "* * * yields little more than circumstantial evidence of the defendants' guilt." They argue that their version of the events in question should have been accepted, including their alibi evidence, and that the testimony of Donelan and Rutherford is so replete with omissions and improbabilities as to justify its being disregarded.

■■ The testimony in this case covers some 275 pages of the record. It is axiomatic that the choice of believing or not believing a witness or witnesses, and the weighing of the evidence, both direct and circumstantial, is the function of the jury. Here the evidence was conflicting, the jury resolved the conflict adversely to the defendants, and there is sufficient evidence to support the jury's conclusion.

Defendants urge that the State failed to establish that the value of the stolen motorcycle exceeded $150. There was direct testimony by the witness Murrill that the motorcycle was worth $200 and there was no contrary evidence. This argument is without merit.

During the trial both defendants testified. Defendant Miller was impeached by the introduction of records of a 1970 burglary conviction in McLean County and a 1972 conviction in Sangamon County for burglary and theft. McGuire was impeached by records of a 1970 conviction in Sangamon County for theft and a 1972 conviction in Sangamon County for burglary and theft. At the time of the trial of this case the 1972 convictions of both Miller and McGuire were pending on appeal. In *People v. Miller*, 19 Ill.App.3d 161, 310 N.E.2d 808 (1974), this court reversed the 1972 convictions and remanded for new trial, holding the trial judge's denial of defendants' motion to suppress evidence obtained through a warrantless search to be error.

Defendants here contend that the use of the 1972 convictions, subsequently reversed, to impeach defendants' credibility was a denial of due process, and denial of a fair trial. Defendants rely solely upon *Loper v. Beto*, 405 U.S. 473, 31 L.Ed.2d 374, 92 S.Ct. 1014 (1972). It is the rule in Illinois that a prior conviction may be used for impeachment purposes even though the conviction is pending on appeal. (*People v. Bey*, 42 Ill.2d 139, 246 N.E.2d 287, (1969); *People v. Spears*, 83 Ill.App.2d 18, 226 N.E.2d 67 (1967).) This appears to be the majority rule. (See 16 A.L.R. 3d 726.) It is also true that a conviction which has been reversed, *at the time of trial*, may not be introduced for impeachment purposes. (*People v. Shook*, 35 Ill.2d 597, 221 N.E.2d 290.) The problem here lies between the two situations which are demonstrated in the above cited cases. What result obtains when a conviction which is pending on appeal at the time of trial, but is reversed *after* the conviction, has been used for impeachment purposes? This was the factual situation in *People v. Barney*, 89 Ill.App.2d 180, 232 N.E.2d 481 (1967). This case was, of course, decided prior to *Loper v. Beto*, 405 U.S. 473, 31 L.Ed.2d 374, 92 S.Ct. 1014 (1972). The court in *Barney* applied the general rule that proof of convictions pending on appeal is permissible for impeachment purposes but did not deal with the argument made here. The court vacated the sentence imposed on Barney and remanded for resentencing since he had received an aggravated penalty as a subsequent offender by reason of the conviction which was ultimately reversed.

The facts in *Loper v. Beto* are extreme. Loper had been convicted in Texas, in 1947, of rape. It was this conviction which was reversed. During the 1947 trial the defendant had been impeached with several prior convictions occurring from 1930 to 1945. The court stated that these convictions had apparently been obtained in violation of defendant's constitutional right to counsel. It held that the retroactive effect of *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733 (1963), rendered the convictions *void*; and that the absence of counsel

affected the integrity of the fact finding process in those convictions.

In *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824 (1967), the court held that the principle of harmless error was applicable to some constitutional errors, stating that there may be some constitutional errors which in the setting of a particular case are so insignificant that they may be, consistent with the Federal Constitution, deemed harmless. The *Chapman* doctrine has been applied in Illinois to illegal search and seizure, and a conviction based, in part, upon evidence so obtained does not yield a void conviction, as in *Beto*, and the introduction of such evidence may constitute harmless error. (*People v. Cole*, 54 Ill.2d 401, 298 N.E.2d 705.) Indeed the 1972 convictions used to impeach defendants here were presumptively valid as contrasted to the void convictions utilized in *Beto*.

We also note that the evidence of the 1972 convictions was cumulative. Each defendant had an additional prior conviction. It is also clear that when the records of the 1972 convictions were offered they were admissible under *People v. Bey*, 42 Ill.2d 139, 246 N.E.2d 287, and *People v. Spears*, 83 Ill.App.2d 18, 226 N.E.2d 67. There is no contention that the convictions were introduced in violation of the rule in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695.

■■ We therefore hold that where, as here, the prior conviction was not void at the time of its introduction into evidence it does not constitute reversible error for the State to utilize the conviction for purposes of impeachment even though the prior conviction is later reversed on appeal. *Suggs v. State* (1969), 6 Md.App. 231, 250 A.2d 670.

Defendants also argue that the argument of the State's attorney was so improper as to require reversal. An objection was promptly sustained to one of the statements in question. The other statement in question was made by the State's attorney without objection, it dealt with a subject concerning which defendant's counsel had argued to the jury. Both counsel were speculating as to who had committed two prior burglaries of the garage in question. We find no error was committed during closing argument.

■■ Defendants urge that since the State's attorney, during the hearing in aggravation and mitigation, argued defendants' prior convictions demonstrated a lack of respect for the law and justified imposition of a "rather stiff consecutive sentencing," defendants are now entitled to a new sentencing hearing. Defendants rely on *United States v. Tucker*, 404 U.S. 443, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972). In *Tucker* the Supreme Court ordered a new sentencing hearing since the sentence originally imposed was based, in part, on two prior convictions which were void because of denial of counsel. The record in Tucker also demonstrated that the sentencing judge had given explicit attention to the void convictions in im-

posing sentence. Here, as previously noted, the 1972 convictions were not void. Neither is there any indication that the trial judge gave explicit attention to the 1972 convictions or, for that matter, to the other prior convictions. He also declined the consecutive sentence recommendation of the State's attorney, and under *People v. Taylor*, 33 Ill.2d 417, 211 N.E. 2d 673, we do not find the sentence to be excessive.

■■ The State concedes that the offenses of burglary and theft in this case were a part of the same transaction, and were not independently motivated. Therefore the defendants' convictions for theft are reversed. *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.

. Defendants' convictions for burglary are affirmed; their convictions for theft are reversed. Case remanded to the trial court for issuance of an amended mittimus.

. . Affirmed in part, reversed in part and remanded with directions.

GREEN and TRAPP, JJ., concur.