STATE FARM LIFE INSURANCE COMPANY, Plaintiff, v. SUSAN ELIZABETH DAVIDSON, Defendant-Appellant (Harold W. Davidson, Defendant-Appellee; Kimberly Sue Davidson, Defendant).

Fifth District   No. 5—85—0610

Opinion filed July 9, 1986.

G. Edward Moorman, of East Alton, for appellant.

James S. Sinclair, of Stobbs & Sinclair, of Alton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

State Farm Life Insurance Company filed an interpleader action in the circuit court of Madison County to determine entitlement to the proceeds of an insurance policy on the life of Stephen W. Davidson claimed by Susan E. Davidson, his widow and primary beneficiary of the policy, and Harold W. Davidson, his father and successor beneficiary of the policy. Stephen Davidson died on October 31, 1979, as a result of a gunshot wound to the head. The proceeds of the policy, $21,739, plus interest, were deposited with the court, and State Farm was dismissed from the action.

Susan Davidson was charged with the murder of her husband and was subsequently convicted after a trial on January 24, 1985. An ap-

peal of that conviction is presently pending before this court. Harold Davidson moved for distribution of the insurance proceeds on the grounds that Susan Davidson was precluded from receiving the insurance proceeds by reason of the conviction. The trial court granted the motion and ordered the life insurance proceeds paid to Harold Davidson. Susan Davidson appeals. Kimberly Davidson, daughter of the insured, is not a party to this appeal.

Susan Davidson contends that the trial court erred in granting summary judgment based solely on the fact that she had been convicted of murdering her husband. While she does not dispute the fact that a conviction of murdering her husband operates to preclude her from receiving proceeds of an insurance policy on his life, she argues that distribution at this time is premature because her conviction has not been affirmed on appeal. She argues that the life insurance proceeds should be held in an interest-bearing account until her appeals rights have been exhausted. Recognizing that the murder conviction is pending appeal in this Court, we shall narrow our consideration to the single issue of whether a conviction of murdering the insured, notwithstanding a pending appeal, warrants the summary disposition that the convicted defendant is precluded from receiving life insurance proceeds.

■ Summary judgment is proper only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) The purpose of summary judgment is to determine whether a triable issue exists, not to "preempt *** a litigant's right to a trial by jury or his right to fully present the factual basis of a case where a material dispute may exist." (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 496.) Summary judgment may be granted only if the pleadings, affidavits, depositions and admissions on file, when strictly construed against the moving party and in favor of the opposing party, clearly establish that there is no genuine issue of fact subject to different conclusions by fair-minded people. 137 Ill. App. 3d 192, 196-98, 484 N.E.2d 492, 496-97.

■ The long-established public policy of this State precludes a wrongdoer from profiting from an intentionally committed wrongful act. (*State Farm Life Insurance Co. v. Smith* (1977), 66 Ill. 2d 591, 363 N.E.2d 785 (granting life insurance proceeds to a widow who was not unjustified in taking the life of her husband); *Bradley v. Fox* (1955), 7 Ill. 2d 106, 129 N.E.2d 699 (joint tenant who murdered co-

tenant not entitled to co-tenant's interest by survivorship); *Supreme Lodge Knights & Ladies of Honor v. Menkhausen* (1984), 209 Ill. 277, 70 N.E. 567 (beneficiary convicted of murder denied life insurance proceeds); *Bailey v. Retirement Board* (1977), 51 Ill. App. 3d 433, 366 N.E.2d 966 (widow convicted of manslaughter denied annuity benefits).) While a conviction of murdering the insured is not an essential element necessary to preclude a person from receiving life insurance proceeds (*State Farm Life Insurance Co. v. Smith* (1977), 66 Ill. 2d 591, 595, 363 N.E.2d 785, 786), we have no doubt that a person convicted of murdering the insured is precluded from receiving life insurance proceeds. Under section 2—6 of the current Probate Act of 1975, "[a] person convicted of murder *** of the decedent is conclusively presumed to have caused the death intentionally and unjustifiably" and is precluded from receiving life insurance proceeds. (Ill. Rev. Stat. 1985, ch. 110½, par. 2—6.) While this section did not become effective until September 9, 1983, almost four years after the commission of the acts causing the death of Stephen Davidson, our review of applicable case law leads us to conclude that the amended version of section 2—6 in no way alters prior law, but is rather a legislative codification of Illinois decisions.

Contending that absent appellate affirmation of the jury verdict and sentencing her conviction is not so finalized as to preclude a receipt of life insurance proceeds, Susan Davidson takes issue only with the timing of distribution. In support of her contention, she relies exclusively on *Prudential Insurance Co. of America v. Tull* (E.D. Va. 1981), 524 F. Supp. 166, wherein the United States District Court for the Eastern District of Virginia found that life insurance proceeds were not subject to distribution prior to a determination of a widow's appeal of the guilty verdict for the murder of her husband. In reaching this determination, the District Court relied on the Virginia Supreme Court decision in *White v. Commonwealth* (1884), 79 Va. 611, holding that a conviction lacked conclusiveness while an appeal was pending, *Smith v. Commonwealth* (1922), 134 Va. 589, 113 S.E. 707, holding that a public official is not convicted for the purpose of forfeiture of office until the verdict is affirmed on appeal, and section 24.1—79.3 of the Virginia Code which specifically provides that a conviction is not final so as to require forfeiture of public office until appeal rights have terminated. Appellant has cited no Illinois authority for her position.

■ Upon consideration of Illinois precedents, we believe Susan Davidson's argument is devoid of merit. "Even in this day of virtually automatic appeals, the judgment of the trial court is still a determina-

tion of guilt which stands until it is reversed." (*People v. Bey* (1969), 42 Ill. 2d 139, 146, 246 N.E.2d 287, 291.) A conviction is a finalized judgment of the trial court, and notice of appeal recognizes this fact. (*People v. Spears* (1967), 83 Ill. App. 2d 18, 26, 226 N.E.2d 67, 71.) The pendency of an appeal does not stay the finality of the conviction. (*People v. McGuane* (1958), 13 Ill. 2d 520, 537, 150 N.E.2d 168, 178 (a pending appeal does not abate vacancy of public office based on conviction); *People v. Spears* (1967), 83 Ill. App. 2d 18, 25, 226 N.E.2d 67, 69 (prior conviction pending appeal may be used to impeach witness).) "[A] conviction is a conviction until set aside." *People v. Spears* (1967), 83 Ill. App. 2d 18, 23, 226 N.E.2d 67, 69.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES, J., concurs.

PRESIDING JUSTICE KASSERMAN, dissenting:

Although the decision of the majority is based upon the persuasive decisions of *People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287, *People v. Spears* (1967), 83 Ill. App. 2d 18, 226 N.E.2d 67, and *People v. McGuane* (1958), 13 Ill. 2d 520, 150 N.E.2d 168, in none of those cases was the court presented with the issue raised by the instant appeal. *Bey* and *Spears* both related to the use of a conviction, then on appeal, to impeach the testimony of a witness. In *People v. McGuane* the court held that a pending appeal of a criminal conviction does not abate a vacancy in public office based on such conviction.

In the case at bar, Susan Davidson is entitled to the proceeds of the life insurance policy on the life of Stephen Davidson unless she is ultimately found to be criminally responsible for Stephen's death. However, the proceeds of the policy may have been dissipated by the successor beneficiary before all appeals have been concluded.

For that reason, and in the absence of any specific statutory or court determination to the contrary, I would reverse the judgment of the circuit court of Madison County and require that the proceeds of such policy not be distributed pending final determination of the issue of the guilt of Susan Davidson of the murder of her husband, Stephen Davidson.