**People of the State of Illinois, Plaintiff-Appellee, v. Robert Sykes, Jr., Defendant-Appellant.**

**Gen. No. 53,153.**

First District, Third Division.

May 1, 1969.

Rehearing denied June 4, 1969.

Robert C. Power, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard Trais, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Originally the defendant was charged with the felony of theft from person, but immediately before trial the State reduced the charge to the misdemeanor of theft of property not exceeding $150 in value. Defendant's attorney entered a plea of not guilty and waived trial by jury for him. Defendant was found guilty by the court and sentenced to serve four months at the Illinois State Farm in Vandalia. He contends on appeal that he did not knowingly and understandingly waive his right to a jury trial and that his identity as the person who committed the crime was not proven beyond a reasonable doubt. The facts follow.

Mrs. Barbara Netter testified that on January 25, 1968 at about 6:15 p. m. she was walking at 84th and Aberdeen Streets in Chicago when she was accosted by two young men, one of whom she later identified as the defendant. Defendant grabbed her around the neck from behind and pushed her purse out of her hand and the other man picked up her purse. She testified that after the defendant released her, she saw his profile for a minute or two. She reported the incident to the police and described defendant and the clothes he wore, including a "funny hat." She was unable to describe the other boy. A short time later the police brought the defendant, who was still wearing the "funny hat" and another man to her home and she identified defendant as the man who had grabbed her and taken her purse. She was unable to identify the other man. She also posi-

tively identified defendant in the courtroom and testified he was wearing the same "funny hat" and leather jacket he wore when he took her purse.

Defendant testified that he was at home at 6:00 p. m. on the day in question and did not leave until approximately 6:20 p. m. He met and talked with some friends and while walking with two other boys, he was arrested by the police. The police took him and one of the other boys to three houses where the occupants were not able to identify them as purse snatchers. At the fourth house Mrs. Netter identified him, but not his companion. Defendant's mother testified that on the night in question he left home at about 6:20 p. m.

Defendant's first contention is that he did not knowingly and understandingly waive his right to a jury trial. He contends that the jury waiver made on his behalf by his appointed counsel was not shown to have been knowingly concurred in by himself and was therefore void.

■ The recent case of People v. Novotny, 41 Ill2d 401, 244 NE2d 182, is dispositive of this point. There the court stated that the relationship of attorney and client is one of agency, so that the presence and silent acquiescence of a defendant where his attorney waives a jury trial "sufficiently demonstrates the authority of the attorney to speak for the defendant, and makes the attorney's statement his own." The court then held (p 409):

> "There is the additional unique factor that the jury waiver was the quid pro quo for the reduction of the seriousness of the charge. At the time that defense counsel acted on behalf of his client to waive a jury trial, he was pursuing a strategy by which the defendant gained the distinct and critical advantage of having the charge against him reduced substantially."

93

In the instant case defense counsel twice stated in defendant's presence that defendant would plead "not guilty and waive jury." Moreover, immediately after the jury waiver was made, the court permitted the State to reduce the charge from a felony to a misdemeanor and the State nolle prossed the felony charge. There was no indication that defendant did not understand what was happening and it is clear he obtained the mild sentence here imposed as a result of the jury waiver. We find no error in the waiver of the right to a jury trial.

 Defendant's second contention is that the evidence and particularly the eyewitness identification was insufficient to prove his guilt beyond a reasonable doubt. It has long been the law that the testimony of one credible witness is sufficient for conviction. People v. Boney, 28 Ill2d 505, 192 NE2d 920. Moreover, the credibility of witnesses and the sufficiency of identification are questions for the trier of fact and a reviewing court will not reverse unless the testimony is so unsatisfactory as to create a reasonable doubt as to the guilt of the accused. People v. Brengettsy, 25 Ill2d 228, 184 NE2d 849.

 The testimony of the complaining witness clearly indicates that her identification of defendant was based on two distinct elements: first, the physical appearance of the defendant, including his height and his profile and general complexion, and, second, his apparel, which he was still wearing in the courtroom. On both occasions when the victim saw the defendant, she identified him both by his appearance and by his hat and jacket.

Defendant cites numerous cases involving identification which were held to be insufficient to sustain a conviction. Each of those cases can be distinguished. Many involved a combination of a weak identification with a very convincing alibi. In this case the only alibi was that furnished by the defendant's mother. She testified that he arrived home at 5:50 p. m. and left there about

94

6:20 p. m. on the day in question. Both the time of the crime and that of the alibi are inexact and defendant's home is but a short distance from the scene of the crime. Such a slight deviation in time may well be accounted for in the inaccuracy of a timepiece.

The other cases cited by defendant involved several persons identifying a defendant but claiming different characteristics and/or clothing. In the instant case the victim twice positively identified the defendant and his clothing within twenty-four hours after the crime was committed. There was ample evidence to support the finding of guilty beyond a reasonable doubt and the judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.