(No. 43387.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN WILBOURN, Appellant.

*Opinion filed April 1, 1971.*

STEPHEN D. GRAY, of Peoria, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT S. CALKINS, State's Attorney, of Peoria, (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, and ROLAND N. LITTERST, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On January 28, 1969, in the circuit court of Peoria County, defendant, John Wilbourn, was convicted of voluntary manslaughter on his plea of guilty and was sentenced to the penitentiary for a term of not less than 12 years and not more than 20 years. This appeal is from a subsequent judgment of said court dismissing defendant's post-conviction petition after a full evidentiary hearing.

The indictment against defendant contained three counts, two charging murder and a third charging voluntary manslaughter. During the impaneling of the jury defendant was permitted to change his not guilty plea to one of guilty on the voluntary manslaughter charge. The two counts of murder were stricken on motion of the State's Attorney.

Defendant admits that he was fully and understandingly informed by the court of all his constitutional rights and the consequences of his plea to the manslaughter charge. But he argues that his constitutional rights were violated in that he was wrongfully induced to plead to the lesser charge solely because his own attorney told him that if he did not do so he would get the electric chair on the murder charge.

It is apparent from the record in the post-conviction proceeding that defendant's present explanation of the reason for his guilty plea is a belated one. Other than his bare assertion, there is no evidence whatsoever to support his contention. His experienced trial attorney testified that the possibilities of a murder conviction and its consequences, and the consequences of a plea to the lesser charge, were fully discussed with the defendant in the presence of his minister, that defendant asked him to negotiate with the State's Attorney to see what time he could get, that he never at any time told defendant that he would get the death penalty on a murder conviction, and that the plea to voluntary manslaughter and the recommended sentence of 12 to 20 years was accepted and fully understood by defendant. Under these circumstances there can be no question that the denial of defendant's petition was proper.

However, defendant now contends that in cases of plea bargaining, due process of law requires that a defendant be specifically advised by the court, not only of the possible penalties for the charge to which he pleads guilty, but also of the possible penalties for the charge which is to be dismissed as part of the bargain. He argues that only in this way can a defendant be protected from pleading guilty to a lesser charge out of fear of incurring the death penalty if he does not so plead. This argument assumes that defendant's attorney misinformed him completely; that he did not inform him of his chances of a conviction and the possibility of receiving the death penalty, but rather, that he assured him that he would be convicted and that the death penalty

would necessarily be imposed. This is contrary to the credible evidence offered in the post-conviction hearing. The question is whether defendant's plea was knowingly and intelligently made and not whether it was motivated by fear of a possible death penalty. In *People* v. *Sephus*, 46 Ill.2d 130, we stated that fear of a possible death penalty is insufficient to invalidate an otherwise knowing and intelligent plea of guilty to a lesser included offense. In *Brady* v. *United States*, 397 U.S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463, it was held that a defendant's otherwise valid plea of guilty is not rendered invalid under the fifth amendment merely because induced by fear of a possible death penalty if the case were tried before a jury. See also *Parker* v. *North Carolina*, 397 U.S. 790, 25 L. Ed. 2d 785, 90 S. Ct. 1458; *North Carolina* v. *Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160; *People* v. *Granberry*, 45 Ill.2d 11.

Although defendant's plea may well have been motivated in part by a desire to avoid the possibility of a death penalty we find that his plea was voluntarily and intelligently made and that the judgment of the circuit court which so found was proper.

Defendant also contends that his hearing in aggravation and mitigation did not provide sufficient evidence to allow the court to properly exercise its discretion in determining his sentence. Such a complaint is not available to defendant in this proceeding. Relief under the Post-Conviction Hearing Act is limited to those errors which are of a constitutional magnitude and, as we have held, the statute providing for a hearing in aggravation and mitigation (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(g)) does not confer any constitutional rights. *People* v. *Fuca*, 43 Ill.2d 182.

For the reasons stated the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*