(No. 43340.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. THOMAS SCOTT, Appellant.

*Opinion filed September 30, 1971.*

THOMAS SCOTT, *pro se*, and TERRENCE J. MALONEY, Senior Law Student, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE, Assistant State's Attorney, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On June 1, 1964, the defendant, Thomas Scott,

pleaded guilty in the circuit court of Cook County to a charge of murder, and he was sentenced to imprisonment for not less than 25 nor more 50 years. His *pro se* post-conviction petition was denied without an evidentiary hearing on February 20, 1970, and he has appealed directly to this court. (43 Ill.2d R. 651(a).) His motion for leave to proceed *pro se* without the appointment of counsel to represent him was allowed, and his brief states that it was prepared by another inmate.

The indictment charged the defendant and four others with the murder of James Arline, Jr., a cab driver. The record shows that the murder charges against three of the others were *nolle prossed,* and the defendant states that the fourth was tried, found guilty, and sentenced to imprisonment for not less than 14 nor more than 20 years.

On June 1, 1964, the defendant informed the trial court that he had discussed the murder charge with his privately retained counsel and wanted to plead guilty. The court advised him of the potential sentence and accepted his guilty plea and entered judgment only after he had responded that he was in fact guilty and understood both the nature of the charge and the facts of the case. Defense counsel then stipulated to the defendant's age and to a brief statement of the facts surrounding the murder charge. That statement indicated that in the early morning hours of November 27, 1963, the five indictees "flagged down" a cab driven by James Arline, Jr. and directed Arline to drive them to "324 East 44th Street." Three of them got out of the vehicle, and "Thomas Scott using a gun shot James Arline, and the cab driver was killed during the course of a robbery."

On January 16, 1969, the defendant filed his verified *pro se* petition under the Post-Conviction Hearing Act. (Ill.Rev.Stat. 1967, ch. 38, pars. 122—1 *et seq.*) In it he contended that his constitutional rights had been violated because the trial court had failed to admonish him

regarding his rights to a jury trial and to a hearing in aggravation and mitigation, and because he neither understood nor waived these rights. He also alleged that he had pleaded guilty "because the states attorney told the petitioner that he had talked to the co-defendants and, that pursuant to that conversation, had learned that the co-defendants were going to testify against the petitioner and that if the petitioner did not plead guilty he would ask that the death penalty be inflicted."

The defendant argues that "if such statements were made to the defendant," they constituted "carefully calculated," "official misconduct," and that "it must be concluded that the defendant's guilty plea was the direct result of coercion from the state attorney's office." We do not agree. Neither the allegation of fear of a possible death penalty (see, *e.g., North Carolina v. Alford (1970), 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160; Parker v. North Carolina (1970), 397 U.S. 790, 25 L.Ed.2d 785, 90 S.Ct. 1458; McMann v. Richardson (1970), 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441; Brady v. United States (1970), 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463; People v. Wilbourn (1971), 48 Ill.2d 187; People v. Sephus (1970), 46 Ill. 130),* nor the allegation of fear of possible use at trial of the co-defendants' testimony or statements *(cf. Frazier v. Cupp (1969), 394 U.S. 731, 22 L.Ed.2d 684, 89 S.Ct. 1420; People v. Kelley (1970), 44 Ill.2d 315)* is sufficient to invalidate the defendant's otherwise knowing and intelligent plea of guilty, which had been discussed with competent, privately retained counsel.

The defendant's next contention is that "it was a denial of his right of equal protection of the laws *** for the trial court to have not advised the petitioner of, or afforded the petitioner his statutory rights to a hearing in mitigation of the offense." It is clearly without merit. "Relief under the Post-Conviction Hearing Act is limited to those errors which are of a constitutional magnitude

234

and, as we have held, the statute providing for a hearing in aggravation and mitigation *** does not confer any constitutional rights." *People v. Wilbourn (1971), 48 Ill.2d 187, 190;* accord, *People v. Wade (1970), 47 Ill.2d 38, 41; People v. Burton (1970), 46 Ill.2d 135, 142; People v. Fuca (1969), 43 Ill.2d 182, 185.*

The defendant's third contention is that the trial court erred in accepting his guilty plea and in entering judgment "without any supporting evidence whatsoever." But the record shows that the defendant's attorney stipulated to the State's Attorney's summarization of the facts. Such a stipulation is binding upon the defendant. See, *e.g., People v. Woods (1961), 23 Ill.2d 471, 474.*

The defendant's final contention is that his sentence was "unconstitutionally proportioned." This claim is based upon the assertion that a co-defendant, "Coylee Harris, after pleading not guilty, was found guilty and sentenced by the court to from fourteen to twenty (14–20) years." The defendant argues that the record does not justify this discrepancy. There is no factual basis for this contention, since it was stipulated that the deceased was shot by this defendant.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*