THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LONNIE LEE, Petitioner-Appellant.

(No. 56642;

First District—April 17, 1972.

*Supplemental Opinion filed June 5, 1972.*

James M. DeZelar and James B. Haddad, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Defendant, Lonnie Lee, appeals from an order sustaining the motion of the People to dismiss his petition for *habeas corpus* and for relief under the Post-Conviction Act and denying the prayer of his petition, as amended and supplemented, without an evidentiary hearing. Before stating or considering defendant's contentions, it is necessary to summarize the matters shown by the rather complicated record.

On February 5, 1965, after a bench trial, defendant was found guilty of the sale of purported narcotics. (See Ill. Rev. Stat. 1963, ch. 38, par. 22—40.) The trial court admitted defendant to probation for two years. On July 1, 1966, defendant was found guilty of armed robbery and was sentenced to the penitentiary for one to three years. (Ill. Rev. Stat. 1965, ch. 38, par. 18—2.) On July 28, 1966, his probation was revoked and he was sentenced to one to three years in the penitentiary on the original drug offense to run concurrently with his sentence for armed robbery. Ill. Rev. Stat. 1965, ch. 38, par. 117—3(d).

The next step took place some 18 days later on August 16, 1966. The judgment of guilty of armed robbery was vacated by writ of error *coram nobis*. On the same day, the order revoking defendant's probation and the ensuing sentence on the drug charge were both vacated. This left defendant on probation for sale of purported narcotics and subject to trial on the indictment charging armed robbery. On the same date, defendant pleaded guilty to petty theft, a misdemeanor included within

the offense of armed robbery, and he was sentenced to six months in the County Jail.

On October 13, 1966, the State moved to revoke defendant's probation. This hearing was continued to February 3, 1967, which was two days before expiration of the period of probation. On February 3, 1967, another hearing was held on the proceedings to revoke probation and the term of probation was extended two years so that it would expire February 5, 1969. Ill. Rev. Stat. 1965, ch. 38, par. 117—1(b).

On October 30, 1968, defendant pleaded guilty to four informations each charging him with armed robbery and he was sentenced to the penitentiary for three years to three years and one day. On November 8, 1968, the court revoked his probation and sentenced him on the original charge of sale of purported narcotics to two to six years in the penitentiary to be served consecutively after the sentence for the armed robberies.

No appeal was taken by defendant. On June 24, 1970, he filed his petition under the Post-Conviction Act. The gist of the petition was that defendant's right to due process of law was denied "* * * in that the public defender and prosecutor, failed to fulfill a promise of a reduced sentence; this promise had induced petitioner to plead guilty to the crime charged against him." Present counsel for the petitioner were appointed by the Circuit Court on August 28, 1970. On November 5, 1970, these attorneys filed a lengthy amended petition praying relief under the Post-Conviction Statute (Ill. Rev. Stat. 1969, ch. 38, par. 122 et seq.), under the Habeas Corpus Act, (Ill. Rev. Stat. 1969, ch. 65), and also "* * * through any remedy recognized by Illinois law which permits him to benefit from the doctrine that a judgment entered by a court which lacked jurisdiction may be attacked at any time."

The amended petition alleged that the plea of guilty "* * * to a reduced charge of petty theft should be considered void because it was predicated upon a promise made to petitioner by Petitioner's attorney, which promise was later broken." The amended petition was verified by defendant. A supporting affidavit by defendant himself was simultaneously filed stating that, "* * * the public defender, told him that he would 'talk to the probation officer,' Mr. Jack Clarke. The public defender also told him that he had already been assured by the judge that the petty theft offense would not constitute a violation of probation." The affidavit stated that these assurances induced defendant to plead guily to petty theft.

On March 2, 1971, defendant filed a supplemental petition in which he alleged that he was sentenced in violation of his right to due process of law because the trial judge who sentenced him on November 8, 1968,

did not know the underlying circumstances or the specific facts of the crime and was ignorant of certain statements made by the original trial judge who had admitted defendant to probation in the narcotics case.

In this court, defendant contends: (1) that the sentence entered upon the original offense for sale of purported narcotics is predicated upon an invalid plea of guilty to the charge of petty theft; (2) that the trial court denied defendant due process of law by sentencing him upon the original charge of sale of purported narcotics "upon misinformation about the nature of the charge and without inquiring into the circumstances of the offense"; (3) that continuation of the hearing on violation of probation as granted by the court to February 3, 1967, was actually an incarceration of defendant which deprived any court of jurisdiction to sentence him for his original offense; and (4) that the indictment against defendant in the original offense was fatally defective for failure to allege an offense. We will consider these contentions in order.

As to the first point, defendant argues that the plea of guilty to petty theft should be considered invalid because it was given in reliance upon a promise made to defendant by his attorney, which was later broken. The reasoning is that if the plea is void the sentence cannot stand. The State counters with an exposition of the theory that post-conviction proceedings are limited by the express terms of the statute to the proceedings which resulted in the conviction. In other words, the conviction and sentence of defendant rest upon the original finding of guilty of sale of purported narcotics. The scope of the post-conviction petition is limited to these proceedings and cannot reach subsequent events. We find the position of the State well supported by legal authority. (*People v. Calhoun,* 46 Ill.2d 60, 63—64, 263 N.E.2d 69; *People v. Ferree,* 40 Ill.2d 483, 484—485, 240 N.E.2d 673; *People v. Franciere,* 47 Ill.App.2d 436, 440, 198 N.E.2d 170. See also *People v. Buford,* 4 Ill.App.3d 533, 281 N.E.2d 345.) The only allegation of violation of the constitutional rights of this defendant pertains to alleged breach of a promise made to him by his own lawyer in connection with his subsequent plea of guilty to petty theft. This plea of guilty was entered in an entirely different proceeding from the one before this court. The only matters which may be considered in this post-conviction petition are those pertaining to the original finding and judgment of guilty in the first case involving sale of purported narcotics. This conclusion is further supported by the precise language of the Post-Conviction Act which speaks of substantial denial of constitutional rights "* * * in the proceedings which resulted * * *" in conviction. Ill. Rev. Stat. 1969, ch. 38, par. 122—1.

■■ We will observe parenthetically that full consideration of this contention exposes its invalidity. It rests primarily upon a misapprehen-

sion of the nature of probation. Probation itself is not a sentence. It is rather the extension of clemency and abstention from the imposition of sentence upon certain conditions. When these conditions are violated, the court, in its discretion, may impose sentence or extend the probationary period. (Ill. Rev. Stat. 1969, ch. 38, pars. 117—2, 117—3.) Regardless of the plea of guilty and its merits, the court, acting in its discretion, could have revoked defendant's probation for commission of the offense in connection with which the plea was entered. Proof of commission of this offense could have been made by a preponderance of the evidence. These matters are fully set out in our decision in *People v. Henderson,* 2 Ill.App.3d 401, 276 N.E.2d 372. The record here shows amply the commission of criminal acts by defendant upon which he predicated his plea of guilty which fully justified the court in extending his probation. The record also shows that defendant's probation as extended was revoked because of his involvement in four separate armed robberies during 1968, in addition to and quite apart from the plea of guilty to petty theft.

■■ In addition, the amended petition is verified and a separate affidavit by petitioner himself is presented. This is insufficient to require an evidentiary hearing. These allegations should be supported by some evidence in the record and bare assertions by defendant himself are not sufficient. Ill. Rev. Stat. 1969, ch. 38, par. 122—2. *People v. Pierce,* 48 Ill.2d 48, 50, 268 N.E.2d 373. *People v. Covington,* 45 Ill.2d 105, 109, 257 N.E.2d 106 and additional cases therein cited.

Moreover, various matters appearing in this record refute and contradict the allegation of any promise by defendant's attorney. The same public defender mentioned in defendant's affidavit appeared with defendant as his counsel when he pleaded guilty to petty theft on August 16, 1966, and again on October 13, 1966, when the hearing to revoke his probation was continued to February 3, 1967. In these court appearances, no statement was made to the court regarding any promise to induce the plea of guilty. The same public defender also appeared for defendant on February 3, 1967, when defendant's probation was extended for two years and thanked the court. The trial judge then admonished defendant that he had better behave himself and the defendant responded, "Yes, sir." Neither defendant nor his counsel mentioned any promise. The same thing occurred on November 8, 1968, when defendant was sentenced. Upon the passage of sentence, defendant made no mention to the court regarding any alleged promise.

When defendant pleaded guilty to petty theft on August 16, 1966, the trial court specifically informed him that he could "* * * enter a plea of guilty if, in fact, you are guilty * * *." The same public defender

told the court in mitigation that defendant committed the acts which led to his indictment while under the influence of alcohol or narcotics. It appears from this entire record that defendant was most fortunate in obtaining reduction of a penitentiary sentence for armed robbery to a misdemeanor sentence of six months for petty theft. These factors in the record completely refute the claim that the plea was induced by a promise by defendant's attorney. (*People v. Spicer,* 47 Ill.2d 114, 117, 264 N.E.2d 181.) We note also that there is a wide variance between defendant's original verified petition to the effect that his own counsel and the prosecution promised him a "reduced sentence" and his subsequent affidavit that he was told by his counsel that the judge had assured him that "*   *   *   the petty theft offense would not constitute a violation of probation."

■■ The second contention of defendant alleges violation of his right to due process of law because the court sentenced him "upon misinformation" after revocation of his probation and without inquiring into the circumstances of the offense. Contentions of this type raise no substantial constitutional question. It has been properly held that even complete failure of the court to conduct a hearing in aggravation and mitigation may not be raised in a post-conviction proceeding. (*People v. Scott,* 49 Ill.2d 231, 234, 274 N.E.2d 39 and authorities there cited.) The sentence imposed upon defendant was within the statutory limits of his original offense of sale of purported narcotics. (Ill. Rev. Stat. 1967, ch. 38, par. 22—40.) No constitutional issue is presented by this contention. *People v. Sluder,* 40 Ill.2d 559, 561, 240 N.E.2d 666.

■■ Defendant's third contention is that the order entered by the court on October 13, 1966, was really an order of incarceration and not a continuance so that the court had no jurisdiction to impose sentence on November 8, 1968. The record shows that the probation officer stated to the court on this occasion that he was ready to proceed with the hearing for revocation of probation. He pointed out to the court that the revocation would be requested on the basis of commission of the offense regardless of whether it had resulted in a penitentiary sentence or in sentence for a misdemeanor. After some colloquy between the probation officer, the court and counsel for defendant, this hearing would be continued to February 3, 1967. This was two days before expiration of the original term of probation. Defendant would not be ready for release from his misdemeanor sentence of six months in the County Jail until approximately February 16, 1967, which would be six months after August 16, 1966. The trial court then fixed bond of $10,000 to guarantee appearance of defendant in court for the revocation hearing. This was only to provide for the contingency that defendant might be released

prior to the regular expiration of his jail term. Thus, the order actually entered by the court at that time was a continuation of the hearing on revocation of probation to February 3, 1967. No such hearing was held on October 13, 1966. The probation was not revoked. No sentence was imposed. On the continued date, the court acted within its jurisdiction and in accordance with its statutory power and discretion in extending the probationary period two years to February 3, 1969. (Ill. Rev. Stat. 1965, ch. 38, par. 117—1(b).) This contention raises no substantial constitutional question. It is without merit.

The final contention of defendant is that the original indictment for sale of a purported narcotic was void because it was defective in substance so that the court lacked jurisdiction to sentence defendant thereon. The indictment charged that defendant "* * * committed the offense of sale of purported narcotic drugs in that he unlawfully offered to sell a narcotic drug and knowingly sold * * *" to a designated person a quantity "* * * of a certain purported narcotic drug, to wit: purported heroin * * *." Defendant contends that the phrase "purported heroin" set out in the indictment is not the same as the words "nonnarcotic" as used in the statute so that the indictment lacks an essential allegation. The one and only authority cited by defendant in support of this contention is *People v. Ortega*, 83 Ill.App.2d 49, 226 N.E.2d 426. That decision is inapplicable here. There, defendant was indicted for sale and possession of heroin. The only proof as to the nature of the substance sold was a stipulation that it "purports to be" heroin. This court held such proof insufficient to convict beyond a reasonable doubt. The opinion merely accentuates the difference between heroin and any substance which "purports to be" heroin.

In *Ortega*, the court cited *People v. Steele*, 22 Ill.2d 142, 174 N.E.2d 848. In *Steele*, the indictment was virtually in the same language as in the case at bar. It alleged that defendant offered to sell a narcotic drug and then unlawfully sold "a certain purported narcotic drug." (See *People v. Steele*, 22 Ill.2d 142, 143.) Although no question regarding sufficiency of the indictment was directly passed upon by the court in *Steele*, this court pointed out in *Ortega* that if the allegation "purported narcotic" was synonymous with an actual narcotic, the indictment in *Steele* would have failed to charge the crime in question. See *People v. Ortega*, 83 Ill.App.2d 49, 52.

■■ However, a proper disposition of this contention does not depend upon technical niceties in the meaning of any particular language or upon flights of semantic imagination. The requirements of an indictment under the Fifth and Sixth Amendments to the Federal Constitution and Section 9 of Article II of the Illinois Constitution as implemented in our

present Code of Criminal Procedure (Ill. Rev. Stat. 1969, Chapter 38, Paragraph 111—3) have been stated many times by the courts of this jurisdiction. Our Supreme Court has stated that "countless decisions" have established the principle that an indictment is sufficient if it:

"* * * 'states specifically the elements of the offense with sufficient particularity to apprise accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, and, as stated by some courts, to indicate to the court the correct judgment to be pronounced on a verdict of guilty.'" *People v. Grieco,* 44 Ill.2d 407, 409, 255 N.E.2d 897.

(See also *People v. Sirinsky,* 47 Ill.2d 183, 186, 265 N.E.2d 505.) Note also the informative exposition in *People v. Coleman,* 49 Ill.2d 565, 570, 571, 276 N.E.2d 721. Note also *People ex rel. Miller v. Pate,* 42 Ill.2d 283, 285, 246 N.E.2d 225.

In the case at bar, the indictment fully advised defendant of the crime with which he was charged. He was defended in a most able and spirited manner by appointed counsel. He and his attorney were completely informed regarding the nature of the offense for which he was tried. The evidence showed beyond reasonable doubt a controlled sale of a purported narcotic by defendant to an informer. Defendant in his own proper person and through his attorney stipulated with the State that the contents of the tinfoil packet sold by defendant to the informer were found to be negative with regard to tests for narcotics, amphetamines and barbiturates.

We find the indictment sufficient in law so that the trial court had jurisdiction of the subject matter. We find no merit in the post-conviction petition as amended and supplemented. The order appealed from dismissing this petition is affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Since the filing of our original opinion on April 17, 1972, the opinion of the Supreme Court in *People v. Pier,* 51 Ill.2d 96, 281 N.E.2d 289, has come to our attention. The Supreme Court construed the Post-Conviction statute as permitting a defendant in his Post-Conviction petition to raise issues of constitutional dimension that occurred in the proceeding which

involved the determination of his guilt and also that arose in subsequent proceedings concerning imposition of the sentence. Therefore, insofar as our original opinion holds that the scope of a Post-Conviction petition is limited to the original proceedings and cannot reach subsequent events, the language in said opinion is deemed withdrawn. However, as pointed out in succeeding portions of the opinion, we find the contentions raised by defendant regarding subsequent events to be without merit. Consequently, we will not modify the result reached in the original opinion. The order dismissing the Post-Conviction petition as amended and supplemented is, accordingly, affirmed.

Order affirmed.

BURKE and LYONS, JJ., concur.