THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. MAURICE BLEWETT, Petitioner-Appellant.

(No. 58035; ▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—May 24, 1973.

Edward M. Genson, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing a supplementary petition for a post-conviction hearing. (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) On appeal petitioner raises five issues: (1) Whether the differences in testimony of a prosecution witness at a prior mistrial and at trial of this cause constituted a knowing use of false testimony by the prosecution; (2) Whether the identification of the petitioner at trial was so suggestive as to violate due process; (3) Whether the trial judge's refusal to consider the sentences of the other defendants in this cause during the hearing in aggravation and mitigation violated petitioner's constitutional rights; (4) Whether the disparity whereby prior to trial the petitioner was offered four to 15 years

if he were to plead guilty but was sentenced to 15 to 30 years after trial violated his constitutional rights; and (5) Whether the court erred in admitting into evidence certain items, which the petitioner alleged were the fruits of an unconstitutional search and seizure, and whether failure to file a motion to suppress constituted incompetency of counsel.

We affirm.

In October, 1964, petitioner was found guilty, as charged in the indictment, of two counts of robbery after a jury trial in the circuit court of Cook County. He was sentenced to two terms of 15 to 30 years in the penitentiary, the sentences to run concurrently. On direct appeal to this court the judgment was affirmed. *People v. Blewett* (1966), 75 Ill.App.2d 281, 221 N.E.2d 135.

In January, 1967, petitioner filed, *pro se,* his petition for a post-conviction hearing where he sought leave to proceed in *forma pauperis.* This petition was denied, and appeal was taken to the Illinois Supreme Court. In July, 1970, petitioner filed a supplementary petition for post-conviction hearing which was prepared with the aid of counsel, and which alleged, *inter alia,* that in the prior petition he had not been represented or advised by counsel. By agreement of the parties, the appeal pending in the Supreme Court was dismissed. After a hearing on the prosecution's motion to dismiss the supplementary petition, the circuit court dismissed said petition. This appeal followed.

■■ The Post Conviction Hearing Act is limited to a consideration of errors made at trial which result in a substantial denial of petitioner's constitutional rights. (*People v. Orndoff* (1968), 39 Ill.2d 96, 233 N.E.2d 378; Ill. Rev. Stat. 1971, ch. 38, sec. 122—1.) However, it is well settled that a judgment of a reviewing court is *res judicata* to all issues raised, and those which could have been raised, but were not, are deemed to be waived. *People v. Kamsler* (1968), 40 Ill.2d 532, 240 N.E.2d 590, *cert. den.* 394 U.S. 911.

■■ Petitioner's first claim is that the testimony of the sole identification witness at trial was false, and that the prosecution knew it to be false, yet allowed it to stand uncorrected. In his *pro se* petition, petitioner sets out portions of testimony given at a prior mistrial and portions of testimony given at the second trial relating to the witness's observation of the petitioner during the course of the robbery. The petitioner relies on *Napue v. Illinois* (1959), 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, which held that when the prosecution knowingly allows false testimony to stand uncorrected, due process is violated. After reviewing the allegations of the petitions and the record as a whole, we conclude that the discrepancies in testimony in the instant case fall short of establishing the knowing use of false testimony. Inconsistencies in the testimony of

witnesses do not establish a knowing use of perjured testimony. (*People v. Tyner* (1968), 40 Ill.2d 1, 238 N.E.2d 377.) A petition which merely alleges that the prosecution condoned the use of false testimony is insufficient to require a hearing under the Act. (*People v. Knight* (1967), 38 Ill.2d 373, 232 N.E.2d 292.) At the second trial portions of testimony given at the prior mistrial were entered into evidence in order to apprise the jury of some of the discrepancies in the witness's observation. Inconsistencies in a witness's testimony go to the weight and credibility of the evidence and, in this case, do not present constitutional issues. *People v. Vail* (1970), 46 Ill.2d 589, 264 N.E.2d 201.

██ Petitioner argues that it was incompetence of counsel on direct appeal to incompletely present to the court the differences in testimony at the two trials, and therefore, petitioner should not be held to have waived the issue of whether the identifying witness had so little credibility that a conviction based on her identification should not stand. The waiver rule will not be applied so as to bar review of those issues as to which review by direct appeal has been unconstitutionally denied because of the deprivation of the right to competent counsel on appeal. (*People v. Frank* (1971), 48 Ill.2d 500, 272 N.E.2d 25.) In its motion to dismiss the *pro se* and supplementary petitions, respondent alleged that the issue of incompetence of counsel on appeal was raised in petitioner's petition for a rehearing, which the appellate court denied, and that the determination is *res judicata* to the issue. It is evident from the opinion of the appellate court that on direct appeal the court considered whether the conflicts in the witness's testimony destroyed her credibility as a witness. The court noted that "that part of the testimony given at the first trial which was entered into evidence at the second trial for impeachment purposes is incomplete." (*People v. Blewett* (1966), 75 Ill.App.2d 281, 221 N.E.2d 135.) Although we think that this does not amount to incompetence of counsel on appeal, we have considered those portions of testimony from the first trial which are set out in the petitions in the instant case, and we find that the testimony of the identification witness was not so unsatisfactory as to create a reasonable doubt as to the petitioner's guilt. *People v. Sykes* (1969), 110 Ill.App.2d 91, 249 N.E.2d 121.

██ Petitioner's second claim is that police procedures at a lineup in which the petitioner was identified were so suggestive and conducive to mistaken identification as to amount to a denial of due process. The petitioner cites *Stovall v. Denno* (1967), 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, which held that the "totality of circumstances" surrounding a pretrial confrontation determines whether the confrontation was violative of due process. Petitioner claims that he could not have

raised this issue on direct appeal because the decision in the direct appeal predated the decision in *Stovall*. However, on direct appeal, petitioner argued that the imposition put upon him at the lineup to wear a jacket allegedly worn by one of the holdup men rendered the identification of the witness a nullity. The appellate court found that the jacket played no part in the identification, because the witness testified that she identified defendant "with the face, not with the jacket." Also, the appellate court found that the witness had ample opportunity to observe the petitioner during the course of the robbery. In the instant appeal, petitioner raises basically the same objection to the lineup procedure. An in-court identification is not tainted by an allegedly illegal confrontation if an independent basis exists for the in-court identification. (*People v. Blumenshine* (1969), 42 Ill.2d 508, 250 N.E.2d 152.) We find nothing in the record to indicate that the positive in-court identification was tainted by the allegedly improper lineup. *People v. Derengowski* (1970), 44 Ill.2d 476, 256 N.E.2d 455. (Schaefer, J., concurring.)

■■ Petitioner's third claim is that due process was violated when the trial judge, during the hearing in aggravation and mitigation, refused to consider the sentences given to the other defendants in this cause. After a jury trial, one codefendant was sentenced to a term of four to seven years in the penitentiary. Another codefendant pleaded guilty and was sentenced to a term of two to six years in the penitentiary. Respondent contends that since this issue might have been raised on direct appeal, but was not, it is waived. Petitioner argues again that the waiver rule should be relaxed because of counsel's alleged incompetence on appeal for failure to raise this issue. In *People v. Frank* (1971), 48 Ill.2d 500, 272 N.E.2d 25, the court answered petitioner's contention and discussed what amounts to incompetence of counsel on appeal.

> "We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence of counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." *People v. Frank* (1971), 48 Ill.2d 500, 505, 272 N.E.2d 25, 28.

■■ Having examined the record in the instant case, we find that failure to raise the above issue on appeal was not incompetence of counsel. (See, *People v. Martin* (1970), 47 Ill.2d 331, 265 N.E.2d 685, *cert. den.* 403 U.S. 921.) Moreover, questions of what evidence will be allowed in the hearing in aggravation and mitigation (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(g)) are not of constitutional magnitude and are not reviewable under the Post-Conviction Hearing Act. *People v. Wilbourn* (1971), 48 Ill.2d 187, 268 N.E.2d 418.

Petitioner's fourth claim is that due process was violated because he

was sentenced to a term of 15 to 30 years after exercising his constitutional right to a jury trial rather than accept a sentence of four to 15 years which the court had indicated would be imposed upon a guilty plea. Petitioner conceded that some advantage should be given to a person who pleads guilty, but in the instant case he argues that the disparity was too great, and that sentencing should not be dependent on the accused's exercise of his right to trial by jury. Respondent argues that petitioner has waived review of this issue, because he could have raised it on direct appeal but did not.

■■■ In his sworn affidavit, petitioner alleged that after a conference among his court-appointed attorney, the prosecutor, and the trial judge, his attorney informed him that the trial judge had informed him in the conference that should he not accept the sentence of four to 15 years, he would be sentenced to "a lot more" in the event he were found guilty. Respondent argues that the allegations of the verified petitions and the sworn affidavit were insufficient to require a hearing under the Post-Conviction Hearing Act. We think that a hearing was not required because the petitions and affidavit did not make a substantial showing of a violation of petitioner's constitutional rights. If petitioner's lawyer had told him what the judge said in conference, then these fact should have been supported by an affidavit of the lawyer or an explanation given for the absence of the same. (*People v. Pierce* (1971), 48 Ill.2d 48, 268 N.E.2d 373.) As presented, we find the allegations relating to this issue too vague and indefinite to require a hearing. *People v. Ashley* (1966), 34 Ill.2d 402, 216 N.E.2d 126.

Petitioner's final claim is that the seizure of certain items from an apartment and automobile was unconstitutional and that failure to raise this issue at trial constituted incompetence of counsel. At trial, the court admitted into evidence a gun found on the person of a codefendant, which was allegedly used in the commission of the crime. The court refused to admit two other exhibits consisting of two watches, which were the alleged fruits of the robbery. Counsel for petitioner did not move to suppress the gun and watches, did not object to the introduction of the exhibits into evidence on the ground of unreasonable search and seizure, and did not raise the issue of unreasonable search and seizure on appeal. Petitioner contends that failure of appointed counsel to inquire into the proper facts of this issue raises questions of incompetence at trial which require a post-conviction hearing. Respondent argues that the waiver rule should be invoked, because this issue was not raised on direct appeal, and no reason has been advanced why the rule should be relaxed.

■■■ In *People v. Morris* (1954), 3 Ill.2d 437, 121 N.E.2d 810, the

1058

court set out the standard for showing incompetence of appointed counsel at trial: "(1) actual incompetency of counsel, as reflected by the manner of carrying out his duties as a trial attorney; and (2) substantial prejudice resulting therefrom, without which the outcome would probably have been different." (*People v. Morris* (1954), 3 Ill.2d 437, 449, 121 N.E.2d 810, 817.) Our review of the record of the trial proceedings discloses nothing but able and effective assistance of counsel. No substantial prejudice resulted from counsel's failure to move to suppress certain items. Although the record of the trial is devoid of facts sufficient to enable us to inquire into the circumstances of the seizure of the gun, the opinion in the case of petitioner's codefendant (*People v. Soldat* (1965), 32 Ill.2d 478, 207 N.E.2d 449) reveals that any objection to the seizure of the gun on the ground of lack of probable cause would not be well founded. In any event, we find no reason why petitioner should not be deemed to have waived the issue of search and seizure. *People v. Doherty* (1966), 36 Ill.2d 286, 222 N.E.2d 501.

For the above reasons, the judgment order of the circuit court of Cook County is affirmed.

Judgment affirmed.

SCHWARTZ and McNAMARA, JJ., concur.