THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TAFFORD HOLMAN, Defendant-Appellant.

(No. 72-312; )

Third District—June 13, 1973.

Illinois Defender Project, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

PER CURIAM:

Defendant Tafford Holman was charged in an information with the offense of armed robbery. On November 12, 1970, he appeared with his attorney before the Circuit Court of Will County. He waived indictment and entered a plea of guilty to the charge of armed robbery. His plea was accepted and following the conviction he was sentenced to a term of from three (3) to seven (7) years in the Penitentiary in compliance with a plea negotiation and a recommendation of the State's Attorney.

After his conviction and sentence, on January 20, 1972, defendant filed a petition for post-conviction relief under the provisions of the Illinois statute (Ill. Rev. Stat. 1971, ch. 38, § 122 *et seq.*). In the petition defendant alleged that the sentence was illegal and without authority of law in that the minimum exceeded one third of the maximum sentence which was imposed upon him. On February 17, 1972, defendant, by his attorney, filed an amended petition for post-conviction relief and in such petition alleged that his sentence violated the due process clause under the United States and Illinois constitutions for the reason that the minimum sentence exceeded one third of the maximum sentence imposed.

The trial court denied relief requested and dismissed defendant's petition. Following the filing of the notice of appeal, the trial court appointed the District Defender of the Illinois Defender Project to act as counsel on appeal for defendant. Appellate counsel has now filed in this court a motion for leave to withdraw and a brief in support thereof, pursuant to the precedent in *Anders v. California,* 386 U.S. 738. Appellate counsel indicates that after careful examination of the record in the cause before us and a thorough consideration of every possible issue, appellate counsel has concluded that an appeal would be wholly frivolous and could not possibly be successful.

We note from the record, that prior to pronouncing sentence in the cause before us, the trial court had been informed that defendant had previously been convicted in 1968 for reckless conduct in violation of the firearms act and had received two, one (1) year concurrent sentences by reason thereof. As we have indicated also the sentence in this case resulted from a negotiated plea of guilty to a charge of armed robbery. Defendant was fully advised as to all negotiations and the arrangement

which was to be made and which was in fact carried out by the Circuit Court of Will County. The minimum sentence of three (3) years imposed was only one (1) year greater than the statutory minimum that was in existence at the time of sentencing (Ill. Rev. Stat. 1971, ch. 38, § 18—2(b)).

■■ The Post-Conviction Relief Act was intended to provide a remedy for a substantial denial of constitutional rights. Defendant here claims only that the sentence violates due process of law because the minimum exceeds one-third of the maximum sentence imposed. In *People v. Murry*, 5 Ill.App.3d 64, 283 N.E.2d 98 (1972), a defendant had appealed from a denial of post-conviction relief. Defendant in that case also had complained of the severity of his sentence. The appellate court in that case stated that a claim of undue severity of sentence is not within the scope of an inquiry permitted in the post-conviction relief proceeding. The defendant's sentence argument presented no constitutional question appropriate for post-conviction relief and for this reason alone defendant's petition was correctly dismissed by the trial court.

■■ While the Code of Corrections is applicable to cases on appeal it would not be helpful to defendant in this case. The Code of Corrections actually provides for a minimum sentence in excess of the three (3) year minimum imposed in this case and the Code also does not require a one to three ratio between the minimum and maximum sentence for a Class 1 felony (armed robbery). (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1005—8—1(c)(2).) We have also examined the record and agree with counsel that no issues which could possibly be successful on appeal are disclosed by the record. A criminal prosecution can be commenced by information and this was properly done in the instant case and properly supported by affidavit stating the name of the offense, the statutory provision violated, the nature and elements of the offense, the date and county of the offense, and the name of defendant. Ill. Rev. Stat. 1971, ch. 38, § 111—3.

■■ In the cause before us, defendant was represented by counsel and waived indictment in open court. The court personally addressed defendant following such waiver and informed him adequately and determined that he understood the nature of the charge, the minimum and maximum sentences, that he could be prosecuted for the offense only after indictment by the Grand Jury, and otherwise adequately informed defendant in accordance with the statutes. The trial court found, as shown by the record, that the waiver was made "knowingly and understandingly" so that there was compliance with Supreme Court Rule 401 and there was also substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, §§ 401 and 402).

310

■■ The court did not specifically admonish defendant that he was waiving a bench trial but he was admonished that he was waiving his right to a jury trial. The admonition dealing with the waiver of the right to a jury trial comprehends advice and understanding of the waiver of the right to a trial of any kind. *People v. Wallace,* 48 Ill.2d 252, 269 N.E.2d 482; *People v. Charles,* 2 Ill.App.3d 452, 277 N.E.2d 348.

■■ After a complete examination of all of the proceedings in this cause, we conclude that appellate counsel was correct in the motion filed in this court. We, therefore, conclude that an appeal in this case would be wholly frivolous and that the judgment of the circuit court of Will County should be and will be affirmed, and that there was adequate compliance with *Anders v. California,* 386 U.S. 738.

This cause is, therefore, affirmed. The motion of counsel for appellant to withdraw is hereby allowed.

Affirmed.