THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAVON LOGAN, Defendant-Appellant.

(No. 11898; ▆▆▆▆▆▆▆▆▆

Fourth District—March 28, 1974.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendant-appellant, Lavon Logan, was indicted in the circuit court of Adams County for the crime of intimidation, an offense defined in Ill. Rev. Stat. 1969, ch. 38, par. 12-6. The jury returned a verdict of guilty and on January 28, 1972, defendant was sentenced to an indeterminate term of 2 to 4 years.

On appeal defendant urges that he was not proven guilty beyond a reasonable doubt and that the sentence imposed should be modified to conform to the penalty provisions of Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4), Ill. Rev. Stat. 1971, ch. 38, par. 12—6 and Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—6. Defendant additionally contends that he was denied equal protection of the law because the elements of the offense for which he was convicted are identical with the elements of the offense of communicating with jurors and witnesses (Ill.

1026

Rev. Stat. 1969, ch. 38, par. 32—4) and since there are different penalties prescribed in the two sections of the statutes.

██ The People filed no brief in support of the trial court's judgment, and this places the reviewing court in the role of advocate as well as judge (*People v. Spinelli*, 83 Ill.App.2d 391, 227 N.E.2d 779). Lack of appearance by the appellee permits reversal of the judgment with no discussion of the merits. It is also true that if it would be manifestly unjust to reverse pro forma the court, in its discretion, may consider the appeal on its merits. After examining the record and the issues presented, we have determined that pro forma reversal is the appropriate action.

The judgment is reversed.

TRAPP, P. J., and CRAVEN, J., concur.