THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAVON LOGAN, Defendant-Appellant.

Fourth District   No. 13134

Opinion filed June 24, 1976.

CRAVEN, P. J., dissenting.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Lavon Logan was convicted of the offense of armed robbery in the Circuit Court of Adams County. On November 21, 1972, a hearing in aggravation and mitigation was held and defendant was sentenced to 15 to 30 years' imprisonment. On direct appeal, the conviction and sentence were affirmed by this court on December 17, 1974. (*People v. Logan*, 24 Ill. App. 3d 678, 320 N.E.2d 490 (abstract opinion).) On August 29, 1974, while the direct appeal was pending defendant filed a post-conviction petition in the trial court. After hearing, the trial court, on November 1, 1974, granted the State's motion to dismiss the post-conviction petition. On December 9, 1974, defendant filed notice of the appeal we now consider.

The post-conviction petition alleged, and the record before the judge hearing the petition showed, that in imposing sentence the trial judge considered prior convictions of the defendant for the offenses of armed robbery and intimidation. At the time of sentencing in the instant case, the cases in which the prior convictions had been obtained were on appeal to this court. Subsequently the convictions for armed robbery (*People v. Logan*, 16 Ill. App. 3d 870, 307 N.E.2d 200) and intimidation (*People v. Logan*, 17 Ill. App. 3d 1025, 309 N.E.2d 251) were reversed. Defendant contends that in imposing a sentence of the severity of 15 to 30 years' imprisonment after considering defendant's prior convictions, later reversed, the sentencing court violated defendant's right to due process of law. Accordingly defendant maintains that the post-conviction petition set forth a ground by which defendant was entitled to be resentenced and that the trial court was in error in dismissing the petition.

■■ Relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) is granted only when substantial constitutional error occurred in the proceedings resulting in the petitioning defendant's conviction. The courts of review of this State have held that no such error has occurred in sentencing hearings when a trial court imposed sentence without sufficient information (*People v. Wilbourn*, 48 Ill. 2d 187, 268 N.E.2d 418), upon misinformation (*People v. Lee*, 5 Ill. App. 3d 421, 283 N.E.2d 740), without considering sentences received by codefendants

(*People v. Blewett*, 11 Ill. App. 3d 1051, 298 N.E.2d 366), with disparity between codefendants (*People v. Thigpen*, 12 Ill. App. 3d 210, 298 N.E.2d 193), or with excess severity (*People v. Holman*, 12 Ill. App. 3d 307, 297 N.E.2d 752).

■■ Defendant maintains, however, that the instant situation is analogous to that in *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589. There a defendant had received a felony sentence in a Federal District Court after a hearing at which the judge gave "explicit attention" to three prior felony convictions against the defendant. (404 U.S. 443, 444, 30 L. Ed. 2d 592, 594, 92 S. Ct. 589, 590.) These convictions were subsequently set aside because they had been obtained in proceedings where the defendant had been denied his Sixth Amendment right of counsel. The defendant then collaterally attacked the sentence in question in a habeas corpus proceeding under 28 U.S.C. §2255. The United States Supreme Court ultimately upheld defendant's contention that he was entitled to resentencing. Prior to *Tucker*, the Court had ruled in *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258, that a defendant in a proceeding under a recidivist statute was deprived of due process by the introduction into evidence of a record of a prior conviction which record indicated that defendant had been deprived of his Sixth Amendment right to counsel. At the same term that the Court decided *Tucker*, it also decided *Loper v. Beto*, 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014. That case held that the use of prior convictions to impeach a defendant was a due process deprivation when the prior convictions had been obtained in violation of that defendant's Sixth Amendment rights. The thrust of these three decisions is that a conviction obtained in violation of Sixth Amendment rights is void and that to use the conviction to impeach that defendant in a subsequent trial or to give it "explicit attention" in sentencing him causes him to "suffer anew" (*Burgett*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 325, 88 S. Ct. 258, 262) his constitutional deprivation. The error in the subsequent use of the conviction is of constitutional magnitude because the error in the orginal conviction was of such proportions.

Two Illinois cases have been called to our attention where a sentence has been overturned because the sentencing judge considered the defendant's prior convictions which had subsequently been overturned. In *People v. Barney*, 89 Ill. App. 2d 180, 232 N.E.2d 481, a defendant was given an enhanced sentence under a statute calling for an enhanced sentence for a subsequent offense. Pending appeal, the prior conviction, which was the basis for the enhanced penalty, was reversed. The sentence for the subsequent offense was then reversed. The court noted that the application of the statute for enhanced sentences on subsequent convictions to an invalid conviction was "patently unfair." (89 Ill. App. 2d

180, 184, 232 N.E.2d 481, 483.) The court did not say that any constitutional right was violated. Since *Barney* was on direct appeal the review was not, as here, limited to constitutional questions. It should also be noted that there the use of the invalid conviction brought into effect a statutory sentencing range which was more severe. In *People v. Chellew,* 20 Ill. App. 3d 963, 313 N.E.2d 284, post-conviction attack on a sentence was permitted when, in imposing sentence, the judge had considered a prior conviction later reversed because the prosecution had commented upon the defendant's failure to testify thus violating his constitutional rights. No case has been called to our attention holding that the consideration, at sentencing, of a prior conviction was a violation of constitutional rights because that conviction was later set aside, unless it was set aside for constitutional error.

In the instant case, the robbery and intimidation convictions which were considered by the sentencing judge were later reversed *pro forma* because the appellee, the State, had filed no brief. This court stated the convictions would be reversed without consideration of the case on the merits because otherwise the court would be placed in the position of acting as advocate for the party not submitting a brief. The Supreme Court has recently held in *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128, that *pro forma* reversal merely upon the failure of the appellee to file a brief is improper. The opinion rules that reversal without consideration of the merits is permissible only if the appellant's brief makes a *prima facie* case for reversal which is supported by the record. The opinion recognizes the long standing use by all of the districts of the appellate court of the prior practice. No indication is given that the prior practice is a violation of any constitutional right of the appellee or that the decision is intended to have a retroactive effect.

Defendant maintains that we should treat the reversals as sustaining his cited contentions of error. In each case he contended that guilt was not proved beyond a reasonable doubt and now argues that a conviction upon such failure of proof is a denial of due process. Whatever the effect of a reversal on the merits might have been, both opinions clearly indicate that the court was not deciding the case on the merits. Had defendant desired a decision on the merits, he should have filed a petition for a rehearing requesting such a decision. Had that relief been denied, he should have sought leave to appeal to the Supreme Court. Having accepted the benefits of a *pro forma* reversal defendant cannot now complain because he is faced with a record of those convictions having been reversed for grounds not involving constitutional questions.

■■ The record does indicate that the sentencing judge gave "explicit attention" to the robbery and intimidation convictions. Since these convictions are not shown to be constitutionally infirm their consideration

at sentencing did not deprive defendant of a constitutional right. The trial court properly dismissed the post-conviction petition.

The State maintains that, in any event, the defendant is prevented by *res judicata* from raising the issue of the use of the two prior convictions at sentencing because that issue could have been raised on direct appeal. The question presented is complicated. The convictions were reversed slightly before the affirmance of the instant case on direct appeal but after the filing of the post-conviction petition. In view of our disposition of the case, we need not decide this question.

For the reasons stated, the judgment dismissing the post-conviction petition is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. PRESIDNG JUSTICE CRAVEN, dissenting:
I dissent.

The substantive effect of the holding of the majority in this case is that nothing can be done in a post-conviction proceeding about an enhanced penalty that was imposed because of a prior conviction even though the prior conviction has been reversed. The majority holds that unless the prior conviction was void because of constitutional infirmity, the fact of reversal is not cognizable in a post-conviction proceeding.

Thus, under the majority opinion, if a defendant is convicted of an offense and appeals and is subsequently convicted of another and unrelated offense and given a more severe penalty because of the prior conviction, the severe penalty cannot be changed or reached in a post-conviction proceeding, even though the first conviction should be reversed because of failure of proof of guilt beyond a reasonable doubt. In this case, the reversal of the prior conviction was a pro forma reversal because the State did not file a brief. It should be noted, however, that in one of the cases we stated that if it would be manifestly unjust to reverse pro forma, this court could in its discretion consider the appeal upon its merits. *People v. Logan*, 17 Ill. App. 3d 1025, 1026, 309 N.E.2d 251.

In *People v. Barney*, 89 Ill. App. 2d 180, 232 N.E.2d 481, a direct appeal, but otherwise factually similar to this case, the court obviously reached the merits of the issue and stated:

> "The aggravated penalties are applicable to persons who are convicted of previous offenses. It would be patently unfair to apply this provision to anything other than a proper conviction. This court has already ruled that defendant's prior conviction was improper." 89 Ill. App. 2d 180, 184, 232 N.E.2d 481, 483.

In *People v. Russo*, 52 Ill. 2d 425, 288 N.E.2d 412, *cert. denied*, 410 U.S. 940, 35 L. Ed. 2d 606, 93 S. Ct. 1403, the Illinois Supreme Court, through Mr. Justice Schaefer, in considering the denial of post-conviction relief, reversed a sentence imposed for attempted escape when it considered that such offense was not independently motivated from the principal offense. Two members of the court dissented and urged that the issue reached was not cognizable in post-conviction proceedings. I see no difference in reversing an erroneously imposed concurrent sentence and in aggravated penalties based upon reversed convictions. I would vacate the sentence as enhanced and remand this case to the circuit court for imposition of a new sentence.